Klipper, *et al. vs.* Coffey.

(Decided 2nd March, 1876.)

---

F. W. KLIPPER and others, trading as KLIPPER, WEBSTER & Co. *vs.* JOHN COFFEY and PATRICK COFFEY.

*Contributory Negligence—A prayer rejected as not warranted by the Evidence.*

Because a plaintiff is himself negligent, or is acting in violation of a law, he is not therefore prevented from recovering damages for an injury which has resulted from the negligence of a defendant, where but for the want of ordinary care on the part of the defendant the misfortune would not have happened.

The plaintiff sued the defendant for an injury to his carriage and horses, occasioned by the horses becoming frightened by the alleged negligent act of the defendant. The plaintiff was warned of the danger in time to reach his

horses before the accident, and had he reached them he might possibly have held them in check and the injury have been avoided.   HELD:

That his failure to reach them sooner, did not constitute in law contributory negligence.

A prayer asking the Court to instruct the jury, "that the plaintiffs are not entitled to recover in this case upon all the evidence offered by them," rejected as not warranted by the evidence.

The question of contributory negligence is properly presented to the jury by a prayer which instructs them that they cannot find for the plaintiffs, if they "shall find that the injury to the plaintiffs' hack and horses is attributable to the combined negligence of the plaintiffs and defendants."

APPEAL from the Baltimore City Court.

This was an action brought by the appellees to recover the damages sustained by them by reason of the injuries done to their carriage and horses through the alleged negligence of the agents or employés of the appellants.   The *first*, *second* and *third exceptions* are stated in the opinion of the Court.

*Fourth Exception.*—After the close of the testimony, which is sufficiently stated in the opinion of this Court, the plaintiffs offered three prayers, which the Court below (BROWN, J ) refused ; they were afterwards withdrawn with the consent of the Court. . The defendants offered the following prayers :

1. If the jury shall find from all the evidence, that the injury to the plaintiffs was the result of an accident or act, against which human care and foresight could not guard, and was not the result of negligence in any degree, on the part of the defendants, then the plaintiffs are not entitled to recover.

2 If the jury shall believe from the evidence, that the falling of the boxes from the defendants' wagon caused the horses of the plaintiffs to run away, and that by the running away of the plaintiffs' horses, the carriage of the plaintiffs and the said horses were injured, and that the falling of the boxes was occasioned by the negligence of the

defendants, their agent or servant, yet the plaintiffs are not entitled to recover, if the jury shall further find that the plaintiffs had left their carriage and horses unattended, that is, standing on Calvert street without a competent person to guard them, either sitting on the carriage or within easy reach of the horses.

3. If the jury shall believe from the evidence, that the carriage and horses of the plaintiffs were injured, and that such injury was wholly occasioned by the negligence of the defendants, their agents or servants, without any negligence on the part of the plaintiffs, their agents, or servants, then they must also find that the negligence of the defendants, their agents or servants, amounted to the absence of ordinary care, before they can find for the plaintiffs.

4. If the jury shall find the injury to the plaintiffs' hack and horses complained of, and shall find that the said plaintiffs, their agents or servants were so far from said hack and horses, that the same were out of their control, then the plaintiffs were guilty of negligence, and are not entitled to recover, though the jury should find negligence in the defendants.

5. That if the jury shall find the injury complained of, they cannot find for the plaintiffs, unless they also find that the defendants, their agents or servants, were guilty of a want of ordinary care in the management and loading of their wagon, if the jury shall find the management and loading of said wagon by the defendants, their agents or servants, and that the said injury, if they find the same, could not have been avoided by proper care on the part of the said plaintiffs, and that the Court further instruct the jury, that the burthen of proof of negligence of the defendants *is on the* plaintiffs.

6. If the jury shall find that the injury to the plaintiffs' hack and horses is attributable to the combined negligence of the plaintiffs and defendants, if the jury shall find such negligence, then the plaintiffs are not entitled to recover.

7. If the jury shall find the injury complained of and that the same is referrible to two causes, without any certainty which caused the injury, if the jury shall find such two causes, and that either of said causes was sufficient to produce the injury, and that only one of said causes was attributable to the defendants' negligence, if they find the same, then the plaintiffs are not entitled to recover.

8. That the bare fact of the falling of the boxes, if the jury shall find such falling, is not sufficient proof of negligence on the part of the defendants, their agents or servants, unless the jury shall find other circumstances and acts on the part of the defendants, their agents or servants, to connect the falling of said boxes with negligence or want of ordinary care on the part of the defendants, their agents or servants.

9. That if the jury shall find that P. Coffey stood at the hind wheel of the St. Clair Hotel wagon, to the west of the passenger railroad track, and opposite his hack on Monument Square, and that the plaintiffs' hack was on the east side of said railroad track, and behind the northwesternmost pillar of the railing around the Battle Monument, and that when defendants' wagon turned into the square with a large load on, P. Coffey, one of the plaintiffs, and in charge of said hack, saw the wagon, and thought that something was going to happen, and one driver of a hack said to Coffey and the others there assembled, "Look out for your horses, boys," or words to that effect; and another driver said to P. Coffey, "Something is going to happen," and nearly all the other drivers ran for their horses, and that Coffey was not at his horses' heads until they made the second jump; and if they further find that by due care and diligence he might have been at his horses' heads, or on the box of his carriage before the occurrence of the noise made by the falling boxes, if they shall find the same, and if they shall find all the other facts set out in this prayer,

then the conduct of said Coffey amounts to contributory negligence in the law, and the plaintiffs are not entitled to recover.

10. That if the jury shall find that the injury to the plaintiffs' carriage and horses, if they shall find said injury was caused by the negligence of Coulahan after the consequence of the negligence of the defendants had ceased, if they shall find Coulahan's and the defendants' negligence, then the plaintiffs are not entitled to recover against these defendants.

11. That there is no sufficient proof in law of negligence or a want of ordinary care in this case on the part of the defendants, to entitle the plaintiffs to recover.

12. If the jury shall find that Patrick Coffey, one of the plaintiffs, had charge of the hack of the plaintiffs, as he has testified, and shall find that the defendants' wagon moved into Monument Square while said Coffey was standing at the hind wheel of the St. Clair Hotel wagon, on the west side of the City Passenger Railroad track, and his hack was standing on the east side of said track, behind the northwest pillar of the railing of the Battle Monument, as he has testified, then he was at that time violating the ordinance of the Mayor and City Council of Baltimore, section 14, page 9 of Baltimore City Code, in that he was not within reach of the reins of his horses, and if the jury shall find any consequences flowing to the plaintiffs from this illegal act of the plaintiffs, then the said plaintiffs are clearly responsible for such consequences.

13. That the jury in making up their verdict, must exclude all the testimony of the plaintiffs' witnesses, as to the size of the load on the wagon of the defendants, and the manner of loading the same, as far as the said testimony may tend to prove unreasonableness in the size of the load or negligence in loading the same, in the estimation or according to the opinion of said witnesses, because the plaintiffs' witnesses had no experience in the loading

or hauling of such loads as that in the defendants' wagon, and merely judged of the same as any unexperienced men would, and the plaintiffs failed to follow up the testimony of said witnesses, and show by men experienced in said business of hauling furniture in the white, that the circumstances of said load as detailed by said witnesses of the plaintiffs, amounted to overloading or negligence in the loading or hauling of furniture in the white.

The Court granted the sixth prayer of the defendants, and rejected all the others, and gave its own instruction to the jury, as follows:

That if the jury find that the plaintiffs were the owners of the hack and horses referred to in the declaration in this case, and that the defendants were owners of the furniture wagon mentioned in the declaration, and that said wagon was by an agent of the defendants loaded with furniture in a negligent manner, that is with less than ordinary care and skill, and that while so loaded, said wagon was driven by said agent of the defendants through a part of Calvert Street, in the City of Baltimore, near to the hack stand, where said hack and said horses harnessed to said hack were standing, and that when said wagon came near to said hack and horses of the plaintiffs, a part of the furniture in said wagon, by reason of the negligent manner in which it was loaded, fell from said wagon down upon the street, making a loud noise, and that said horses being frightened by said noise, ran away with said hack, and that in consequence of such running away, said hack and horses were injured, then the plaintiffs are entitled to recover the damages, if any, which the jury may find they have sustained, by reason of the injuries so done to said hack and horses; but if the jury shall find that said horses would not have run away, and such injuries would not have happened, if the driver in charge of said hack and horses had exercised reasonable vigilance, care and skill, then the plaintiffs cannot recover.

The defendants excepted to the refusal of their twelve prayers, and the instruction given by the Court. The verdict and judgment being for the plaintiffs, the defendants appealed.

The cause was argued before STEWART, BOWIE, BRENT and ROBINSON, J.

*J. B. Wentz,* for the appellants.

The burthen of proof of negligence in the defendant is on the plaintiff as part of his case. *Bigelow vs. Reed,* 51 *Maine,* 325, 330 ; *Cotton vs. Wood,* 8 *C. B. N. S.,* 573, *margin; Hammack vs. White,* 11 *C. B. N. S.,* 598.

The accident alone is no proof of negligence. *Flower vs. Adam,* 2 *Taunton,* 315 ; *Cotton vs. Wood,* 8 *C. B. N. S.,* 568; *Wharton's Law of Negligence,* 114, *margin; Blyth vs. Birmingham Water Works,* 11 *Exchequer,* 781.

There is in the case no evidence of negligence on the part of the defendants of a nature to go to a jury, and the Court should have taken the case away from the jury. *Frech's Case,* 39 *Md.,* 574 ; *Hammack vs. White,* 11 *C. B. R. N. S.,* 587, *margin* 588.

The next point of the defence is *that the plaintiffs were negligent,* and if they were they cannot recover, because they contributed to the accident. *Pittsburgh R. R. vs. Karns,* 13 *Ind.,* 87 ; *McCahill vs. Kipp,* 2 *E. D. Smith's* (*N. Y.,*) 413 ; *N. C. R. R. Co. vs. Geis,* 31 *Md.,* 357 ; *Butterfield vs. Forrester,* 11 *East.,* 60 ; *Bigelow vs. Reed,* 51 *Maine,* 335.

The Baltimore City code says they were negligent, for it has set a fine on the conduct of the plaintiffs. *Page* 90, *sec.* 14.

There is a distinction between the case of a fine imposed on one for not doing what the city ought to do, and a fine imposed on another for not doing what he ought to do, or for permitting that which it is his duty to prevent or avoid.

In the latter case the very act which the ordinance seeks to prevent by the fine is wrong and injurious to the community, and the man who violates such an ordinance is a wrong-doer from the incipiency of his action or neglect, and therefore responsible for the consequences flowing from his unlawful act. *Youmans vs. Padden,* 1 *Mich. Nisi Prius,* 130.

The plaintiffs were negligent at common law, because they left their horses unattended. 2 *Espinasse,* 533, *bottom of page* 535 ; *Youmans vs. Padden,* 1 *Mich. N. P.,* 127 ; 51 *Maine, bottom of page* 332, *and top of* 333, *and especially page* 338, *near the bottom; P. F. W. & Ch. R. R. Co. vs. Karns,* 13 *Indiana,* 87 ; *McCahill vs. Kipp,* 2 *E. D. Smith's (N. Y.,)* 413.

The circumstances of the case were such that the Judge should have instructed the jury that the plaintiffs were negligent on the case made by them. *Brown vs. Putney,* 28 *Indiana,* 353 ; 51 *Maine,* 331.

*Wm. H. Cowan,* for the appellees.

The ordinance referred to, is not of itself a bar to recovery by the plaintiffs, conceding that the driver in charge of the horses and carriage was liable to be fined for violating said ordinance at the time of the accident. The non-observance by the plaintiff of the mandates of an ordinance does not release the defendants from their obligation to avoid doing injury through carelessness and negligence. *Steele vs. Burkhardt,* 104 *Mass.,* 59; *Kearns vs. Snowden,* 104 *Mass.,* 63 ; *Albert vs. Bleecker St. R. R. Co.,* 2 *Daly,* (*N. Y.,*) 389 ; *Wharton on Negligence, secs.* 835, 836 ; *McMahon vs. Northern Central R. R. Co.,* 39 *Md.,* 450 ; *N. C. R. R. Co. vs. Geis,* 31 *Md.,* 365.

The ordinance does not constitute an act or omission, negligence, which was not negligence before the passage of the ordinance. Besides, what is and what is not negligence is in general a question of fact for the jury, and not

a question of law for the Court.   The definition of negligence will be given by the Court, as in *Trainor's Case,* 33 *Md.,* 554 ; *Fitzpatrick's Case,* 35 *Md.,* 32 ; *Dougherty's Case,* 36 *Md.,* 380 ; *Lewis' Case,* 38 *Md.,* 588 ; *Frech's Case,* 39 *Md.,* 584 ; *McMahon's Case,* 39 *Md.,* 450.

The finding of the facts constituting negligence is for the jury.

A party does not become outlawed because he violates a law or ordinance, much less in the case in which he is merely passive.   A wrong-doer is responsible for his *nonfeasance* or misfeasance, if by the exercise of proper care he can avoid the injury.   He cannot set off the wrongful act of the other party against his own wrong.   *Johnson vs. The Town of Warburgh, Am. Law Reg., Septm. No.,* 1875, 553 ; *Baker vs. City of Portland, Am. Law Reg.,* 1871, 560, &c., and notes to that case.

A party driving on the wrong side of a public highway is liable to a fine for violating an ordinance or a law.   If another party drive negligently or carelessly against the person so violating the law of the road, he, the party guilty of carelessness or negligence, is responsible in damages for any injury done by him.   The question of blame or negligence, in such cases, is decided without reference to the law of the road.   *Shearman & Redfd. on Negligence,* 355 ; *Wayde vs. Carr,* 2 *Dowl & Ryl.,* 255 ; *Turley vs. Thomas,* 8 *Car. & Payne,* 103 ; *Burdick vs. Worrall,* 4 *Barb.,* 596 ; *O'Maley vs. Dorn,* 7 *Wis.,* 236 ; *Spofford vs. Harlow,* 3 *Allen,* 176 ; *Birge vs. Gardiner,* 19 *Conn.,* 507 ; *Norris vs Litchfield,* 35 *N. Hamp.,* 271 ; *Hartwell vs. Roper,* 21 *Wend.,* 622 ; *Northern Cent. R. R. vs. State, use of Price,* 29 *Md.,* 432 and 436 ; *McMahon vs. Northern Central R. R. Co.,* 39 *Md.,* 453.

Remote negligence of the plaintiff, not the cause of the accident or injury, will not exempt the defendant from responsibility.   For definition of *remote negligence,* see the

case of the *Balto. & O. R. R. Co. vs. Trainor*, 33 *Md.*, 554; *Wharton on Neg.*, secs. 835, 836, *et seq.*

In the cases decided by the Court of Appeals, in which questions of contributory negligence have been discussed, the ordinances of the city of Baltimore were not held to settle the principle either way, except a disregard of an ordinance or a violation of a police regulation, which was made by an ordinance, by the *tort feasor* has been offered in evidence to show carelessness. That was where the actor omitted something important to be observed in doing the act. The distinction is material.

If there was any evidence proper to be submitted to the jury, on which it was competent for them to pass, the Court could not legally withdraw that evidence from them. *Davis vs. Barney*, 2 *G. & J.*, 404; *Stiles vs. Causten*, 2 *G. & J.*, 53; *Mitchell vs. Dall,* 4 *G. & J.*, 376; *Crawford vs. Berry,* 6 *G. & J.*, 63; *Hatton vs. McClish*, 6 *Md.*, 407; *Nailor vs. Bowie*, 3 *Md.*, 251; *Yingling vs. Kohlhass*, 18 *Md.*, 148; *Long & Byrn vs. Crawford*, 18 *Md.*, 220.

BRENT, J., delivered the opinion of the Court.

The question, presented by the first and second exceptions in this case, is one of contributory negligence. It arises upon two prayers, asking the Court to instruct the jury that the evidence discloses such contributory negligence on the part of the plaintiffs, as will prevent them in law from any recovery of damages for the injury set forth in their declaration.

The appellants, it seems, are the owners of a furniture wagon, used by them to convey articles of furniture to and from their warehouse. On the day when the accident happened, which, it is claimed, caused the damages complained of, the wagon in question was engaged in carrying furniture from the Northern Central depot to the warehouse of the appellants on South Calvert Street. In so doing, it had to pass, in its direct route from the depot, through Monument Square the place of the accident.

The appellees are the owners of carriages kept for hire, and on the same day were on the stand, assigned for such carriages in Monument Square, with their carriages. As the wagon of the appellants came near the place where one of the carriages of the appellees was standing, a part of the furniture loaded upon it fell off with a loud crash, causing the horses of the appellees to run off. The driver at the time was not upon his seat, but was some distance off. He ran up however, and catching one of the horses by the bridle succeeded in stopping them, but not in preventing injury to both carriage and horses.

The appellants, after this evidence had been introduced on the part of the appellees, called the attention of the Court to one of the ordinances of the City of Baltimore, *page* 90, *sec.* 14, *of Baltimore City Code,* and thereupon asked the Court to instruct the jury:

"That the conduct of the plaintiffs as disclosed by the testimony was such contributory negligence in law as to bar a recovery on the part of the plaintiffs, though a want of ordinary care should be proved on the part of the defendants in the management, loading and driving of their wagon as it is charged and set forth in the plaintiffs' *narr.*"

This instruction the Court refused to give, and it forms the first exception.

Although the appellee may have been in violation of the ordinance referred to, by not being as near his carriage and horses as the ordinance requires, it by no means follows, as a matter of course, that his conduct contributed directly to the injuries complained of. Because a plaintiff is himself negligent or is acting in violation of a law, he is not therefore prevented from recovering damages for an injury, which has resulted from the negligence of a defendant, where but for the want of ordinary care on the part of the defendant the misfortune would not have happened. In the case of *Davies vs. Mann,* 10 *M. & W.,* 545, referred

to in *Northern  Cen.  R.  R.  Co. vs.  Price,* 29  *Md.*, 432, where a fettered donkey was turned by his owner upon a public highway and injured by a passing wagon, the Court held, that though the act of turning him upon the highway in that condition might be *illegal*, yet if the jury thought the accident might have been avoided by ordinary care on the part of the driver, they must find for the plaintiff.    In the case of *The Baltimore & Ohio R. R. Co. vs. State, use of Trainor,* 33  *Md.*, 554, it was held that the appellees could maintain their action because of the want of ordinary care on the part of the agents of the Railroad Company, although the party killed was negligently and wrongfully on the railroad track when the accident occurred.    The same doctrine is found in the later case of *The Balto. & Ohio R. R. Co. vs. State, use of Dougherty,* 36  *Md.*, 366.    Numerous other cases might be cited to the same effect, but the doctrine is now too well settled to be doubted.

In the case of *Steele vs. Burkhardt,* 104  *Mass.*, 59, the action was maintained for injury done to a horse left standing in one of the streets of Boston, in violation of a city ordinance.    The same defence was set up in that case as in this.    The Court say "It did show negligence in respect to keeping the ordinance, but did not necessarily show negligence that contributed to the injury."    See also *Kearns vs. Snowden,* 104  *Mass.*, 63, *(n;) Albert vs. Bleecker Street R. R. Co.,* 2  *Daly,* 389.

These last cases are authorities directly in point, and as no case to the contrary has been cited by the appellants we suppose none can be found.    They sustain the ruling of the Court below, and we think the learned Judge, in rejecting the instruction asked for, was clearly in the right.

The prayer in the second bill of exceptions depends much upon the same principle.    It was in evidence, that when the wagon of the appellants turned into Monument Square, more than one of the drivers of the hacks upon

the stand, noticing the large and bulky load of furniture upon it, gave warning of approaching danger. The wagon was then half a square from the point where the accident occurred, and if the warning had been heeded, it is claimed there was ample time for the drivers to have reached their horses before it happened. Coffey, however, one of the appellees, and whose carriage and horses were injured, did not reach his horses until after the falling of the load of furniture, and after they had started to run.

The Court is then asked to instruct the jury, that this "amounts in law to contributory negligence, and debars the plaintiffs from recovering." The theory of this prayer is, had the appellee, Coffey, been more prompt he could have reached his horses before the load fell from the wagon, and the injury complained of would not have happened. Had he reached his horses in time, it is possible he might have held them in check and the injury thus sustained have been avoided. But to hold, that his failure to reach them sooner than he did, constituted in law contributory negligence, would be disregarding the well known difference between remote and proximate cause, and would be carrying the doctrine of contributory negligence in law to an extreme, certainly not warranted by any authority.

The third exception is taken to the refusal of the Court, after the evidence on the part of the plaintiffs was closed, to instruct the jury "that the plaintiffs are not entitled to recover in this case upon all the evidence offered by them."

This prayer was properly rejected. The plaintiffs had offered testimony by more than one witness, that the wagon of the defendants was unusually and largely loaded, so much so as to occasion a reasonable apprehension of some accident; that its load did fall to the street, near a public stand for hacks ; that the accident frightened the horses

of the plaintiffs and others, and caused them to run off, and that the horses and carriage of the plaintiffs were seriously damaged.

The Court could not have said, from a review of all the testimony, that it was *legally insufficient* to enable the plaintiffs to recover.

The defendants then proceeded to offer their proof. And after the testimony had been closed upon both sides, the plaintiffs submitted three prayers to the Court, and the defendants thirteen.

The Court rejected all the prayers of both plaintiffs and defendants, with the exception of the sixth prayer of the defendants, which was granted, and gave to the jury an instruction of its own.

This constitutes the fourth exception, and presents the single point, whether the question of negligence was fairly and fully presented to the jury.

Of this we think there can be no doubt.  The sixth prayer of the, defendants certainly submits the question of contributory negligence.  By it the jury are instructed that their verdict cannot be for the plaintiffs, if they find from the evidence that the injury to the plaintiffs' hack and horses is attributable to the combined negligence of the plaintiffs and defendants, although they should find a want, of proper care on the part of the defendants.

But apart from this instruction, the one given by the Court, in place of those rejected, fully covers the law of the case, and leaves no ground to the defendants to allege as error, that their defences were not properly submitted to the jury.  It directs the jury what facts are necessary in law to be found by them to enable the plaintiffs to recover, and what negligence on the part of the plaintiffs will prevent such a recovery.  It lays down the true measure of damages, and submits to the jury clearly and fully the rule of law, by which they are to be guided in considering the question of negligence.

Seeing no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed.*

