# Town of Cullman v. McMinn.

*Action for Damages against Municipal Corporation, for Personal Injuries caused by Defective Bridge.*

1.　*Action against municipal corporation, for damages; averment of notice of defective bridge.*—In an action against a municipal corporation to recover damages for personal injuries alleged to have been caused by a defective bridge, averments in the complaint that the bridge was "out of repair for a long space of time", and that the defendant "suff_ ered the bridge　*　*　*　*　to be and remain out of repair, and unfit for safe use,　*　*　*　for a long length of time",—the character of the defect not being stated with certainty,—do not sufficiently show that the defendant had constructive notice that the bridge was in a defective condition.

2.　*Same; when plaintiff's violation of a municipal ordinance does not affect his right of recovery.*—In an action against a municipal corporation for damages on account of personal injuries alleged to have been caused by a defective bridge, the fact that, at the time of the injury, the plaintiff was riding on the bridge at a rate of speed prohibited by the municipal ordinances will not affect his right of recovery, unless the rate of speed at which he was riding contributed to the injury.

APPEAL from Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This was an action by Charles R. McMinn against the town of Cullman, a municipal corporation, to recover damages for personal injuries alleged to have been sustained by the plaintiff while crossing a bridge, within the corporate limits of the defendant. The opinion sufficiently states the pleadings and the rulings thereon. There was introduced in evidence an ordinance of the defendant prohibiting riding or driving over any bridge within the corporate limits faster than a walk; and there was evidence tending to show that the plaintiff, at the time of the injury, was riding over the bridge faster than a walk. The defendant requested the court to give the following, among other, written charges, and separately excepted to the court's refusal to give each of them: (6) "The court charges the jury that if they find, from the evidence, that plaintiff rode over said bridge faster

than a walk, then so riding is negligence by itself on his part." ·(12) "The court charges the jury, at the request of the defendant, that if they believe, from the evidence, that there was, at the time of the injury complained of, an ordinance of the town of Cullman, duly adopted and ordained, providing that no person shall ride or drive over any bridge in the town limits faster than a walk, and if they further believe from the evidence that the plaintiff, when injured, was riding over the bridge faster than a walk, then the jury must find a verdict for the defendant." There were verdict and judgment in favor of the plaintiff, and the defendant appeals.

George H. Parker and Will G. Brown, for appellant.

No counsel for the appellee.

BRICKELL, C. J.—The liability of municipal corporations for injuries to persons lawfully using the streets, caused by defects or obstructions therein, springs from the duty, imposed upon them by law, to keep the streets in a safe condition for public use. It is said by Judge Dillon : "Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its *neglect or omission* to keep the streets in repair, as well as those caused by ·defects occasioned by the *wrongful acts of others*, but, as the *basis of the action is negligence, notice to the corporation of the defect* which caused the injury, or of facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to the liability." 2 Dill. Mun. Cor. (4th ed.), §. 1034; *City Council v. Wright*, 72 Ala. 411.

The trial was had on the second and fourth counts of the amended complaint, and on two counts subsequently filed. To these counts numerous demurrers were interposed by the defendant, the grounds assigned being that they did not aver notice to the defendant of the defect in the bridge causing the injury, nor facts from which notice could be inferred. The averment of the second count is : "That the defendant negligently suf-

fered a bridge on Fourth Street  *  *  *  to be out of repair  *  *  *  for a long space of time, and especially that it negligently suffered the said bridge  *  *  * to be and remain in such bad repair  *  *  *  that the same was dangerous in its use  *  *  *  by reason of a plank  *  *  being in a rotten condition, or not being thick enough to support a horse  *  *  *  ." The fourth count is in substance the same. As to the two additional counts, the first avers : "that the said bridge was out of repair for a great length of time, and such length of time as to lead to the presumption that the proper officers of.the town or city did in fact know, or with proper dilligence and care might have known that said bridge was out of repair." The second avers, that the defendant "suffered a bridge  *  *  to be and remain out of repair, and unfit for safe use  *  *  *  for a long length of time."

In *City Council v. Wright, supra*, it is said, "The plantiff must aver and prove express notice of the alleged defect in the highway, or facts from which it may be inferred that the corporate authorities were properly chargeable with constructive notice." It is constructive, not actual notice, it is apparent the pleader intended to aver. It would perhaps be better pleading, if he had averred that the defendant had, prior to the occurrence of the injury, notice of the defect in the bridge by which the injury was caused. Such averment could have been supported by evidence of knowledge, or of notice, actual or constructive. But, relying on an averment of constructive notice, facts should have been stated from which, necessarily, the notice would be imputed. The character of the defect should have been stated with some degree of certainty, and the circumstances and length of time of its visible existence should also have been stated. A "long space of time," or a "long length of time," is, each, too indefinite, indeterminate in meaning, for a predicate of legal presumption of constructive notice. It may be true a bridge was out of repair for a "long space of time," or "a long length of time," whatever meaning may be attached to the phrases, and yet the defendant may not be chargeable with negligence. The defect may have been latent, invisible, developing on the occasion of the injury, escaping all prior inspection, however careful, and not fixing upon

the defendant liablity. The counts, in the respect we are considering them, are wanting in that perspicuity and certainty which is essential to reduce the matter of controversy to an intelligible issue. Code, § 2664. We are not detracting from the force. as evidence, of notice or knowledge, the notoriety, or the long continuance of a defect or obstruction in the streets. The one or the other is evidence from which a jury may reasonably infer, and in the absence of countervailing evidence, will infer, the knowledge of the corporation, notice to it, or a want of reasonable diligence in the corporate authorities. We have before us now only the sufficiency of the complaint, as assailed by the demurrers, and we are constrained to the conclusion the demurrers were well taken and ought to have been sustained.

The fault of the plaintiff in riding over the bridge, at the time of the injury, at a rate of speed prohibited by the ordinances of the town, will not affect his right of recovery, unless the jury are satisfied that the rate of speed at which he was riding contributed to the injury. 1 Sherman & Redfield Negligence, § 92 ; *Baker v. Portland*, 58 Me 199 ; (S. C. 4 Am. Rep. 274) ; *Kipper v. Coffey*, 44 Md. 117 ; *Hall v. Ripley*, 119 Mass. 135 ; *Steele v. Burkhardt*, 104 Mass. 59. There was, of consequence, no error in the refusal of the several instructions on this point requested by the appellant.

The remaining questions involved in the assignments of error will not probably arise on another trial under the same circumstances, and we do not deem it necessary or proper to consider them particularly.

For the error pointed out, the judgment is reversed, and the cause remanded.