[City of Bessemer v. Whaley.]

# City of Bessemer *v.* Whaley.

## *Injury From Defective Street.*

(Decided May 14, 1914.   65 South. 542.)

1. *Municipal Corporation; Defective Street; Statutory Provision.*—
The duty to keep streets in repair being a corporate rather than a
public one, a municipality is civilly liable for its failure to maintain
its streets in proper repair, under the municipal Code law, (sections
1046, 1460, Code 1907).

2. *Same.*—The failure of a municipality to exercise its charter
rights to abate nuisances does not give one injured thereby a private
action; but when a nuisance is a defect in a street, rendering it un-
safe for travel in the ordinary mode, the municipality is liable for
injury to a traveller occasioned thereby.

3. *Same.*—The duty is upon a municipal corporation only to use
proper care to see that its streets and sidewalks are reasonably safe
for persons proceeding thereon with ordinary care and prudence, and
it is under no obligation to provide against everything that may hap-
pen, and need not so maintain its streets and sidewalks as to secure
absolute immunity from danger in using them.

4. *Same.*—Where a city has for a long time permitted the daily
and habitual accumulation of fruit peels, banana peels, decayed vege-
table matter, and other loose substances on the sidewalks, to the
danger of pedestrians using the sidewalk, it is liable to the pedestrian
for injuries caused thereby, the pedestrian being in the exercise of
due care.

CERTIORARI to Court of Appeals.

S. B. Whaley sued the city of Bessemer for damages
for injuries sustained on account of certain extraneous
substances on the sidewalk.   There was judgment in the
lower court for plaintiff, and on appeal, the Court of Ap-
peals reversed and rendered such judgment.   (8 Ala.
App. 523, 62 South. 473.)   Plaintiff brings certiorari to
review and revise the judgment of the Court of Appeals.
Certiorari awarded.   Judgment of the Court of Appeals
reversed and the cause remanded to that court.

ESTES, JONES & WELSH, for appellant.   The Munici-
pal Code law is as it was originally enacted, and not

as it is incorporated in the Code, changed by the Code Commissioner.—*City of B'ham v. So. Ex. Co.,* 164 Ala. 529; *City of Anniston v. County Comm.,* 158 Ala. 68; Acts 1907, p. 790. By comparison it appears that a municipality is civilly liable for a failure to properly maintain its streets in proper repair, since the duty to maintain is a corporate duty rather than a public one. —*Campbell v. City of Montgomery,* 53 Ala. 527; *Woodruff v. Stewart,* 63 Ala. 212; *Dargen v. Mobile,* 31 Ala. 469; *City of Mobile v. Shaw,* 43 South. 94; *B'ham v. Tayloe,* 105 Ala. 176; *Cullman v. McMinn,* 109 Ala. 614. The objects complained of were a defect, and their habitual and daily accumulation upon the streets which was known to the city renders the city liable for any injuries sustained thereby.—*Sloss-S. S. & I. Co. v. Mobley,* 139 Ala. 425; *Huyck v. McNerney,* 50 South. 926; *Riddle v. Bessemer S. P. Co.,* 54 South. 525. Notice to a public officer of defects in the street is notice to the city.— *Bradford v. Anniston,* 92 Ala. 349; Elliott on Roads & Streets, § 62; see, also, 64 S. W. 474; 71 N. E. 379; 30 App. D. C. 244.

L. HERBERT ETHERIDGE, for appellee. The court properly held that the trial court erred in overruling defendant's demurrers to plaintiff's first count in the complaint.—*Davis v. Montgomery,* 51 Ala. 139; *Long v. Birmingham,* 161 Ala. 427; *Eufaula v. McNabb,* 67 Ala. 588; 53 Ala. 527; 112 Ala. 98. Counts 3 and 4 of the complaint are certainly bad.—*Cullman v. McMinn,* 19 South. 981; *Smoot v. Wetumpka,* 24 Ala. 112; *H. A. & B. R. R. Co. v. Dusenberry,* 10 South. 274; *City of Montgomery v. Wright,* 72 Ala. 411. Under these authorities and the others cited in the Court of Appeals, the writ should be denied.

SAYRE, J.—Petition for certiorari to review the judgment of the Court of Appeals. The question at issue is raised by demurrer to the complaint, and may be found stated in 8 Ala. App. 523, 62 South. 473, et seq.

There can be no doubt, upon a just construction of the Municipal Code law (chapter 32 of the Code of 1907), that the exclusive power and authority to control streets, including sidewalks, and keep them in repair, has been conferred upon the municipal corporations of this state. From this power and authority a corresponding and coextensive duty must be inferred, and as well civil liability for the consequences of default therein. These implications appear to rest upon the theory that the duty to keep in repair is a corporate rather than a public duty, which is discharged by a governmental agency of the state. The doctrine is apparently anomalous, but it may be explained by reference to the considerations that streets in cities and towns have peculiar and local uses distinct from the highways of the state, and the duty of the municipal authorities in respect to keeping them in repair is intrinsically ministerial. At any rate, the authorities establish the rule of implied duty in such cases, its practical operation is just, and it must be deemed settled in the law of this country. These observations are drawn from Judge Dillon's work on Municipal Corporations (section 1687 et seq.), where the subject of municipal civil liability in respect of defective streets is treated and many adjudged cases are cited. Such has long been the law of this state.—*Albrittin v. Huntsville,* 60 Ala. 486, 31 Am. Rep. 46; *Cullman v. McMinn,* 109 Ala. 614, 19 South. 981.

Besides the general doctrine on the subject, the duty and liability of municipal corporations is recognized by necessary implication in section 1273 of the Code. That

section provides that: "No city or town shall be liable for damages for injury done to or wrong suffered by any person * * * unless," inter alia, "the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, or buildings after," etc.

We find no reason for supposing that so much of this section as we have quoted changes the previously prevailing law in respect of cases falling within its purview. Nor does it undertake to define a defect.

Failure by a municipality to exercise its charter powers to abate nuisances, broadly speaking, does not give a person injured thereby a private action against the corporation; but when the nuisance is a defect in the street, rendering it unsafe for travel in the ordinary modes, the case falls within the principle first above stated.—*Davis v. Montgomery,* 51 Ala. 139, 23 Am. Rep. 545; *Campbell v. Montgomery,* 53 Ala. 527, 25 Am. Rep. 656; 4 Dill. Mun. Corp. § 1628.

So, then, the further question to be considered is whether the complaint shows negligence in permitting a defective condition of the sidewalk. "The law does not require a municipal corporation to respond in damages for every injury that may be received on a public street. The corporation is not bound to have its streets or sidewalks so constructed as to secure absolute immunity from danger in using them; nor is it bound to employ the utmost care and exertion to that end. Its duty, generally stated, is only to use due and proper care to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence." It is under no obligation to provide against everything that may happen, but only for such things as ordinarily exist or such as may reasonably be expected to occur.—Dill. Mun. Corp. §§ 1697, 1706. Anything that may reasonably be expect-

[City of Bessemer v. Whaley.]

ed to interfere with the safe use of a sidewalk by pedestrians is a defect, and the authorities customarily speak of obstructions as defects.—Authorities supra. But liability does not necessarily follow upon proof of a defect and injury resulting therefrom. The basis of responsibility is negligence in suffering a defect to remain after it should in reason have been repaired, and notice to the corporation of the defect, or of facts from which notice may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied, is essential to liability.—*Cullman v. McMinn, supra; Montgomery v. Wright*, 72 Ala. 411, 47 Am. Rep. 422.

We can see no reason why the foregoing well-settled rules of law should not be allowed to operate in the case stated by the complaint. They have been applied in such or analogous cases by courts of last resort whose judgments are entitled to much respect.—*Archer v. Johnson City* (Tenn.) 64 S. W. 474; *Shook v. City of Cohoes*, 108 N. Y. 648, 15 N. E. 531. We will not be understood as holding that a person who receives injury by slipping and falling over a casual banana peeling may recover damages of the municipality. There may be, there is, danger to the pedestrian in a single banana peeling or other like substance; but municipal authorities cannot be expected to know actually the presence of such trivial, casual, isolated, and impermanent things, nor can they be charged with knowledge by construction. If, however, the corporation for a long time has permitted at a certain place the daily and habitual accumulation of fruit peelings, banana peelings, decayed vegetable matter, and other loose substances, to the great danger of those using the sidewalk as a walkway, as the counts of the complaint allege, it seems to be satisfactorily established in reason and au-

thority that it should be held liable to a pedestrian who is injured thereby while in the exercise of due care and prudence.

We think the trial court correctly held the counts of the complaint to state an actionable wrong, and for this reason the judgment contra of the Court of Appeals is reversed.

Writ of certiorari awarded, judgment of the Court of Appeals reversed, and cause remanded to that court. All the Justices concur.