(131 So. 446)

## CITY OF BIRMINGHAM v. MAGGIO.

### 6 Div. 676.

Court of Appeals of Alabama.

Oct. 7, 1930.

Rehearing Denied Nov. 11, 1930.

Horace C. Wilkinson and Fitts & Fitts, all of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

**RICE, J.**

From appellant's brief, we quote the following:

"Appellee, plaintiff, sued the City of Birmingham for personal injuries alleged to have been occasioned when on a night in November, 1927, she stepped through the broken or split lid which was the top over the mouth of a surface sewer, the allegation being that the City was negligent in having permitted the iron cover, or top of the sewer, to remain defective and broken for a long time, to-wit, six months. The accident is alleged to have happened in front of that certain house or residence known as 1101 St. Charles Street, in the City of Birmingham, and the statutory notice in pursuance of which the suit was brought described the place in the same way. As a matter of fact, the top or lid over the opening of a street sewer in the neighborhood of the place described in the complaint and averred in the notice was split or broken, and it reasonably appears from the evidence that the plaintiff did step through that opening or into the crevice between the parts of the iron top, suffering some injury as a consequence thereof."

It appears that this appeal is from a judgment, based upon the verdict of a jury, in appellee's favor, for the sum of $1,000.

The first question raised here is whether or not there was a fatal variance between the notice given by appellee, in pursuance of the terms of Code 1923, § 2031, and the proof adduced upon the trial, as to the point upon appellant's streets where her injuries were received.

In her sworn claim (Code 1923, § 2031, supra) she alleged that her injuries were received at a designated point "in front of a residence known as 1101·St. Charles Street." In the proof offered by her (there was none offered on behalf of appellant) it is indicated that her injuries were received at a point "on Eleventh Avenue and to the *side* (Italics ours) of the indicated residence." Appellant argues vigorously that a variance is thus shown, on account of which the "sworn claim," referred to, should have been excluded from the evidence, etc. But we think the point taken, and the argument made, hypercritical.

Discussing a similar question, our Supreme Court said, in the opinion in the case of McKinnon v. City of Birmingham et al., 196 Ala. 56, 71 So. 463, 464, of a claim filed under the above-mentioned Code section (then section 1275, Code of Ala. 1907): "Technical accuracy is not required. It is enough if the board [in that case, board of Mayor and Aldermen— here, the City Commission] is fairly informed of the nature and amount of the claim, so that it can act intelligently in the investigation and allowance or rejection of the same."

In the instant case, we are persuaded, and hold, that the appellant was, by the sworn claim filed, "fairly informed of the nature and amount of the claim," as made on the trial of the case, and supported by the testimony offered, and that it was not misled, and, in the nature of things as described in the testimony, could not have been misled, in its investigation of the merits of the claim made, and later sued on, by the mere inadvertent use of the word "front," where, perhaps, "side" would have been more appropriate, in referring to the residence at 1101 St. Charles street, adjacent to the location of which appellee is shown to have received her injuries.

■ The trial court, in its oral charge, in one place, said to the jury that " * * * it is the duty of the City to keep its public streets * * * in a reasonably safe condition, etc." Exception was duly reserved to this portion of the charge.

It is doubtless true, notwithstanding the use of language almost identical with that here excepted to, in the opinion in the case of City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23, that the strict duty of a city, with reference to the matter of keeping its streets, or sidewalks, in repair, and safe for travel, is as expressed in the opinion in City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542, 543, to wit: "Its duty, generally stated, is only to use due and proper care to see that its sidewalks [and streets, we add] are reasonably safe for persons exercising ordinary care and prudence."

However, when we read and construe the oral charge of the court as an entirety, and consider all parts of it, in connection with every other part, there is no doubt left in our minds that the jury received the correct impression of the correct rule that should govern them in determining whether or not the appellant had discharged the legal duty resting upon it in the premises. The exception to the specified portion of the oral charge is without merit.

■ It is true that the fact, if it was a fact, that appellant replaced or repaired the broken sewer cap, or top, after the time at which appellee claims to have received her injuries, could not be shown, as evidence of

appellant's negligence in leaving it in the condition it was in at the time of same. Alabama, etc., Co. v. Heald, 154 Ala. 580, 45 So. 686. And the trial court so ruled.

We have no fault to find with the statement of the law quoted in appellant's brief from the opinion in the case of McClendon v. Bank of Advance, 188 Mo. App. 417, 174 S. W. 203 that:

"The law is so insistent that misleading prejudicial matter shall not be allowed to enter jurors' minds that, under certain circumstances the asking of an incompetent question for an ulterior purpose, even if the question be not answered, will justify the setting aside of a verdict."

■ But we have carefully read and considered all that the record shows with reference to the questions asked, and statements made, and withdrawn, in argument by appellee's counsel, with regard to the repairs made by appellant on the sewer cap, or top, in question, *after* the date of appellee's injuries, and we are not persuaded that the occurrences mentioned, were of such a nature that a new trial ought to be granted on account thereof. The trial court, in each instance, ruled, correctly, in accord with appellant's contention, and, as he was persuaded, on the hearing of appellant's motion for a new trial, that no injury was suffered by appellant, so we, now, indulging that presumption in favor of the trial court's ruling on said motion, which his more advantageous situation and the rules of law accord him, are unwilling to say that the judgment should be reversed on account of the several matters, the subject of our comment. The amount of the verdict is not such as to cause us to believe that appellant suffered any prejudicial effects from the said occurrences, even if we were persuaded, which we are not, fully, that appellee's counsel had the deliberate purpose of suggesting, despite the court's rulings, an improper element of consideration to the jury. The situation shown here is not comparable to that considered to be sufficient to warrant the granting of a new trial in Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389.

■ Appellant's written, requested, and refused charge 13 was well refused, if for no other reason, because of its argumentative nature.

■ While we are of the opinion that the trial court might have excluded the photograph, marked "Exhibit B," from the evidence, without error, yet we are unable to see how its admission could have worked any injury to appellant. It was fully explained to the jury, and they could not have been misled. The fact that the broken piece of the sewer cap, etc., was "set up on end" when the photograph was made, rather than "lying

**110**

flat," as the testimony showed it was, at the time of appellee's receiving her injuries, was not, in our opinion, calculated to "appeal to the sympathy" of the jury, or work other injury to appellant's cause, as was the case with the photograph, the introduction of which in evidence—the things shown by it being irrelevant to any issue involved—was criticized in the case of Birmingham Baptist Hospital, Inc., v. Blackwell, supra. We will not hold as reversible error the action of the court in admitting in evidence the said photograph marked "Exhibit B." Supreme Court Rule 45.

We are of the opinion, and hold, that the evidence in the case did not warrant the giving of appellant's written, requested charge 3. Under said evidence, to have given said charge would have constituted an invasion of the province of the jury.

There appears prejudicial error in none of the rulings of the court made the basis of assignments of error, which are argued and insisted upon, and, there being none shown by the record, the judgment must be, and is, affirmed.

Affirmed.