153 So. 235

## CITY OF BIRMINGHAM v. MARTIN.
### 6 Div. 240.

Supreme Court of Alabama.
Jan. 18, 1934.

Rehearing Denied March 22, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellee.

**THOMAS, Justice.**

The complaint was in one count for simple negligence. Defendant's demurrers were overruled and defendant filed its plea in short by consent.

The description of the place of the accident in the sworn claim was sufficient for the purpose of information to the city of the time and place of the accident—technical accuracy was not required of such sworn statement, only that the city be reasonably and fairly informed of the facts, as to the amount of damages and the location of the place of the injury, so that the city could intelligently investigate the allowance or the rejection of that claim. And this requirement was complied with. There was no error in overruling the demurrers to the complaint. City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463; Newman v. Mayor and Aldermen of Birmingham, 109 Ala. 630, 19 So. 902; Benton v. City of Montgomery, 200 Ala. 97, 75 So. 473; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; City of Bessemer v. Pope, 212 Ala. 16, 101 So. 648; Reid v. City of Mobile, 213 Ala. 321, 322, 104 So. 787.

Counsel next present for review the action of the trial court in refusing to give, at the written request of the defendant, the general affirmative charge. The rule as to such request need not be restated. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There is evidence that the accident happened at the place indicated in the sworn claim and the complaint.

The appellant contends that it was due the general affirmative charge requested upon the further theory that plaintiff's injury follows, as a matter of law, as a direct result of the violation of a city ordinance (section 5935 (j), Birmingham Code of 1930, and Gen. Acts 1927, p. 375, § 71) forbidding the parking of a car in forbidden proximity to a fire hydrant or "within twenty-five feet from the intersection of curb lines." Courts are not supposed to be ignorant of those facts of which the general public knows, and hence know that automobilists in business and residence portions of cities pull up to points along the curb separating the vehicular driveway from the sidewalk to disembark or to discharge passengers from automobiles; and the duty rests upon such municipalities to maintain their streets, curbs, sewers, and covers thereof, in a reasonably safe condition for persons exercising ordinary care and prudence in so alighting from automobiles, and for drivers and passengers thereof so lawfully using the streets; and failing in such duty, after due notice, a municipality would be liable for such failure of duty or responsible negligence—to use due and ordinary care for the reasonable safety of persons exercising ordinary care and prudence at the time and place, for the protection of persons doing such things as ordinarily exist, or such as may be reasonably expected to occur. City of Bessemer v. Whaley, 187 Ala. 525, 528, 65 So. 542; City of Birmingham v. Maggio, 24 Ala. App. 107, 131 So. 446, 448; Dill. on Mun. Corp. §§ 1697, 1706. It is declared by our cases that liability of a municipality does not necessarily follow proof of a defect and injury resulting therefrom, but that of and for responsible negligence in suffering a defect to remain for an unreasonable time unrepaired, after it should in reason have been repaired and notice given to the municipality of such defect; but that, the basis of the action being negligence, notice to the municipality of the defect which caused the injury, or of facts tantamount to notice of such defect, "or proof of circumstances from which it appears that the defect ought to have been known and remedied," is essential to actionable liability. Town of Cullman v. McMinn, 109 Ala. 614, 615, 19 So. 981; City of Bessemer v. Whaley, supra; City Council of Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422; 2 Dill. Mun. Corp. (4th Ed.) § 1034.

Under the facts of the time, place, etc., of *parking the car*, we cannot say, as a matter of law, that that act alone was the direct proximate cause of plaintiff's injury, which occurred after she had alighted therefrom. The facts of· parking and alighting are thus stated by the plaintiff: "When I drove up there on that occasion I stopped the car on the side of the Hill Grocery Company store. * * * When I got out of the car— of course, I wasn't looking for any storm sewers or anything like that. I merely opened the door and reached back to open the door for Mrs. Martin and the babies on the back, and the next thing I knew I was being pulled out of the storm sewer. * * * When I drove the car up it was headed up eastwardly on this 30th Street, or Calera Avenue, they

call it. I don't know how far the front of the car had gotten from the opening of this storm sewer. I opened the door, *the car door and the door went back and touched the telephone* pole. The door opened toward the front of the car. I stepped out of the door which opened toward the right, and looked toward the side of the car door. When I stepped out I couldn't say what part of the street or avenue I stepped on the first step I made. I stepped on to the curb. As to what foot I first put outside so as to step on the ground, or curb, it would be my idea I stepped out on the left foot. * * * You ask me did I step on the street part, or curb part, or iron top, with my left foot: *The left foot was on the curb. I don't know which curb it was, whether it was westwardly or eastwardly from the opening, that my left foot was on.* My best judgment and recollection is that I stepped on the curb of the sidewalk with my left foot; *and I stepped just about one step backward, it seemed to me, to open the door for the others to get out of the car. I was sideways, it seems to me, facing the* car, *and the step that I made with my right foot was to the back and side, and it was my right foot that went in.* I don't know how far I went down there, down in there, when I first went down, I fell. It was a hard fall, and more of a twisting fall. You ask me did I fall backwards or frontwards or to my side, or how did I fall: The best I recollect, or to my best knowledge, it would be kind of on the right and back. When I first struck I was kind of between this right side and back, and my head was on the curb, I remember that. You ask me if I was on the sewer covering partly too: My whole weight was on the cover. It has my foot hung between the sewer cover and the brick, and I couldn't move so as to get free from that, so they had to get me out from there." (Italics supplied.)

We think no reversible error was committed in submitting the controverted questions of fact to the jury and in refusing the general affirmative instruction requested by the defendant. And in refusing the other charges predicated on plaintiff's violation of the city ordinance, there was no error, as the act of stopping the car as and when she did was not the proximate cause of plaintiff's injury. The charges were misleading and abstract. City Ice Delivery Co. v. Lecari, 210 Ala. 629, 634, 98 So. 901; Merchants' Bank v. Sherman, 215 Ala. 370, 110 So. 805.

The motion for a new trial, among other things, urges that the verdict was grossly excessive. The evidence as to this has been carefully examined, and under the rules of law that obtain, we cannot say that the verdict was excessive.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.