194 So. 525

**BROOKS v. CITY OF BIRMINGHAM et al.**

**6 Div. 183.**

Supreme Court of Alabama.

March 7, 1940.

174

W. J. Wynn and John S. Foster, both of Birmingham, for appellee City of Birmingham.

Wm. Dowdell Denson and Edw. W. McDonald, both of Birmingham, for appellant.

FOSTER, Justice.

This is an action by appellant against City of Birmingham, Fred J. Shepherd, J. G. Whitfield and Hite Plumbing and Heating Company, a corporation. They each plead separately, generally and specially.

We will first consider the pleas of the City of Birmingham, which are here involved, in addition to the general issue. The court overruled demurrer to pleas 5, 6, 7 and 8. These pleas were also filed separately by Shepherd and Whitfield, and demurrer overruled. The Hite Plumbing and Heating Company filed a plea of res adjudicata, demurrer to which was overruled. Plaintiff took a non-suit to review the rulings, but does not assign as error the ruling on the plea of the Hite Plumbing and Heating Company. Pleas 5, 6, 7 and 8, supra, set up the fact of the judgment in favor of the Hite Plumbing and Heating Company, in which it was held not liable, and they allege that the hole in the street, set out in the complaint as the cause of plaintiff's injury, was dug and maintained by the Hite Plumbing and Heating Company.

Plea 7 alleges in addition to the foregoing that the Hite Plumbing and Heating Company was not employed by the city in any capacity, but that in creating the ex-

175

cavation it was acting under a contract with Fred J. Shepherd. Plea 8 alleges substantially the same matters set out in plea 7.

So that in pleas 5 and 6, it is not alleged whether the Hite Plumbing and Heating Company was employed by the city in any capacity; and in pleas 7 and 8 it is alleged that it was not so employed.

We refer to some principles established in this State which seem to have application to the questions here involved.

When a tort is committed by two or more persons, the claim against them is joint and several. Sloss-Sheffield Steel & I. Co. v. Wilkes, 231 Ala. 511 (21), 165 So. 764, 109 A.L.R. 385; Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Section 5720, Code. And suits may be prosecuted against them separately to judgment, though there can be but one satisfaction. Griffin v. Bozeman, 234 Ala. 136, (3), 173 So. 857.

A judgment in any such case in favor of one of the tort-feasors is no defense in the suit against others unless such others are liable only under the principle of respondeat superior for the tortious act of him in whose favor judgment was rendered. Griffin v. Bozeman, supra (4); Southern R. Co. v. Lockridge, 222 Ala. 15, 130 So. 557; Walker v. St. Louis & San Francisco R. Co., 214 Ala. 492, 108 So. 388; Supreme Lodge v. Gustin, 202 Ala. 246, 80 So. 84 (18).

Sections 2029 and 2030, Code, recognize a liability by a city when the defect was wrought by one for whose conduct the city is liable under the principle of respondeat superior (City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214), or was done by one for whose conduct the city was not so responsible, and the city culpably neglected to remedy the condition so created. In the latter event, the city may be held liable although the one causing the defect is exonerated, either because he is not shown to have been a wrongdoer in that respect and not initially culpable, or if a personal defense is sustained. City of Birmingham v. Carle, 191 Ala. 539, 544, 68 So. 22, L.R.A.1915F, 797; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276 (23).

The duty of a city to use due care to keep its streets reasonably safe for ordi-

nary travel is not controlled by the manner in which the defect arose, or by whom it was created. City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23.

Under the complaint in this case the city could be held liable under either aspect of section 2029, Code, (1) that the defect was created by an authorized agent under the principle of respondeat superior, and (2) because it was created by another not in the city's employ, but the city culpably neglected to remedy the defect. Pleas which allege that the defect was created by another who has been exonerated, therefore do not show that the city by its agents did not participate in the creation of the defect, or did not culpably neglect to remedy the defect, although the one who created it may not have been a wrongdoer in that respect.

There was, as we have said, a duty on the city under certain circumstances to remedy a defect, though the one who created it did no legal wrong in that respect. City of Birmingham v. Carle, supra, 191 Ala. 544, 68 So. 22, L.R.A.1915F, 797.

Those pleas (7 and 8) which allege that the Hite Plumbing and Heating Company, which created the defect, was not employed by the city in any respect do not answer the claim included in the complaint that the city was culpable in not removing it.

We are cited to Betor v. Albany, 193 App. Div. 349, 184 N.Y.S. 44; Hill v. Bain, 15 R.I. 75, 23 A. 44, 2 Am.St.Rep. 873; and Town of Waynesboro v. Wiseman, 163 Va. 778, 177 S.E. 224, as holding a contrary view. But they proceed upon the idea that the city's liability is dependent upon the liability of the one creating the defect.

And that would be true in Alabama, perhaps, as pointed out in City of Bessemer v. Whaley, supra, but for the duty imposed by law upon cities to keep the streets in repair. So that those cases are not authoritative in Alabama to the extent of holding that the liability of a city in Alabama is dependent upon its responsibility for the conduct of some other person.

The defendants Shepherd and Whitfield individually join in the pleas of the city, to which we have referred, and have filed pleas separately, including one numbered 5; to which the court overruled demurrer. That plea also sets up the judgment in favor of the Hite Plumbing and

176

Heating Company, alleging that the excavation was created and maintained by that company, which was not an agent, servant or employee of either of those defendants.

Not being such an agent or employee of them, they could not be held liable on the complaint for the negligence of that company on the doctrine of respondeat superior. So that the principle in the fourth headnote of Griffin v. Bozeman, supra, and the cases above cited in that connection have no application.

None of the pleas in question, except number 7, allege any connection between the Hite Plumbing and Heating Company and either of these defendants. It alleges that said company was acting under a contract between it and Fred J. Shepherd.

There is nothing in those pleas which negative a joint participation in creating the defect by these defendants with the Hite Plumbing and Heating Company. They do not allege that they had no part in it either by themselves or their agents. 39 Corpus Juris 1330, section 1539, p. 1340, sections 1551, 1555.

While both parties to an independent contract may create a condition, one may be culpable and the other not. So that plea 7 is likewise defective. City of Birmingham v. Corr, 229 Ala. 321 (2), 157 So. 56.

It is settled in this State that a recovery may be had against some, but not against others, who are all alleged to have committed the tort,—section 5720, Code,—when there is no relation of master and servant, or principal and agent. And this principle applies to contractors jointly and severally liable. An exoneration from liability by one or a judgment in a suit against one on the ground that he has paid the claim does not operate in favor of another debtor, who was not a party to the suit. McLelland v. Ridgeway, 12 Ala. 482. This case has been often cited.

In order to exonerate these defendants because of the judgment for the Hite Plumbing and Heating Company, the pleas must allege that their liability is dependent upon that of said company. There being no such allegation in substance or effect, the pleas must be treated as confessing the allegations of the complaint that each and all of the defendants were guilty of culpable negligence. The matter set up in avoidance is not sufficient to show that not-withstanding each is so guilty, he is exonerated because one of them is so.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.