155 So.2d 324

**CITY OF FLORENCE**

**v.**

**Frank P. STACK, Jr., Pro ami.**

**8 Div. 23.**

Supreme Court of Alabama.

July 11, 1963.

Arnold Teks and Potts & Young, Florence, for appellant.

E. B. Haltom, Jr., and Donald H. Patterson, Florence, for appellee.

GOODWYN, Justice.

Suit against the City of Florence to recover damages for personal injuries allegedly received by plaintiff when the two-wheeled motor scooter he was riding "ran upon, in, over or on a defect, hole, cut, ditch, or excavation" in the paved surface of a public street, known as Old Jackson Road,

located in said city. The jury returned a verdict in favor of plaintiff and judgment followed the verdict. The city prosecutes this appeal from said judgment and also from the judgment overruling its motion for a new trial.

■ The basic question presented is whether a city's duty to maintain its streets is different with respect to a two-wheeled motor scooter than it is with respect to a four-wheeled motor vehicle. The city contended in the trial court, as it does here, that it has the duty only to keep its streets reasonably safe for "ordinary vehicles," that is, four-wheeled vehicles, and not for two-wheeled motor scooters. The argument is that "to characterize a motor scooter an ordinary vehicle * * * would constitute the adoption of an unrealistic rule of law which ignores the basic difference in two-wheeled vehicles and ordinary four-wheeled vehicles"; that "such characterization would impose upon the municipality not only the duty to keep its streets reasonably safe for ordinary four-wheeled traffic but would require the city to maintain its streets free from the minutest defects which, though harmless to the operation of four-wheeled vehicles, could easily upset or overturn the less stable two-wheeled vehicles, thus placing an unconscionable burden upon the municipality"; that "it is common knowledge that a motorscooter, motorcyle, bicycle or two-wheeled vehicle is more easily overturned or upset than four-wheeled vehicles, such as automobiles, trucks, wagons, etc., and hence a street may be perfectly safe for automobiles and at the same time be unsafe for motorscooters, bicycles and other two-wheeled vehicles."

The position taken by the city is pointed up by several written charges requested by it and refused by the trial court, and also by several exceptions to the court's oral charge to the jury and the sustaining of plaintiff's objection to argument by defendant's counsel. The requested charges are to the effect that a municipality is not liable for injuries sustained by a motor scooter rider due to a defect in a street if such street is reasonably

safe for use by four-wheeled vehicles. The parts of the court's oral charge excepted to were not in accord with this principle, and the argument of defendant's counsel, the objection to which was sustained, was in accord. In other words, the city's contention is that its duty in maintaining its streets is to keep them in a reasonably safe condition for use by four-wheeled vehicles only and is under no duty to maintain them in a reasonably safe condition for use by two-wheeled motor vehicles. We are unable to agree with this contention.

■ A municipality's duty with respect to maintenance of its streets for travel is well-established in this State. "In general terms, the liability of a municipality in a suit of this kind is governed by the duty and obligation to exercise ordinary and reasonable care to keep its streets and sidewalks in a reasonably safe condition for travel. This imposition does not make the municipality a guarantor of the safe and unharmed travel to the public. The duty is based on the responsibility and accountability of the city to remedy such defects upon receiving actual notice, or after the same has remained for such length of time and under such conditions and circumstances that the law will infer that the defect ought to have been discovered and remedied. § 502, Title 37, Code 1940; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Birmingham v. Martin, 228 Ala. 318, 153 So. 235; City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634; City of Birmingham v. Coe, 31 Ala.App. 538, 20 So.2d 110, certiorari denied 246 Ala. 231, 20 So.2d 113. * * *" Jacks v. City of Birmingham, 268 Ala. 138, 142–143, 105 So.2d 121, 125–126; City of Birmingham v. Coe, 31 Ala.App. 538, 541, 20 So.2d 110, cert. den. 246 Ala. 231, 20 So.2d 113, supra. "The general rule is that the public ways for their entire length and width should be reasonably safe for uses consistent with the reason for their establishment and existence. But this general rule is subject to the necessary qualification that the municipal authorities may, in the exercise of a sound and reasonable judgment, fairly and with due regard to the public needs and welfare apportion the surface of public streets to the use of vehicles, to the use of pedestrians, and to ornamentation and beneficial uses resulting from parkways. * * *" City of Birmingham v. Carle, 191 Ala. 539, 547, 68 So. 22, 25, L.R.A.1915F, 797. It is the duty of a municipality to keep its public streets in a reasonably safe condition for travel by night as well as by day, and this duty extends to the entire width of the street. City of Birmingham v. Young, 246 Ala. 650, 655, 22 So.2d 169, and cases there cited. "The duty of a city to use due care to keep its streets reasonably safe for ordinary travel is not controlled by the manner in which the defect arose, or by whom it was created. City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542 [supra]; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23." Brooks v. City of Birmingham, 239 Ala. 172, 175, 194 So. 525, 527. "It is well settled that persons using a public street have a right to presume, and to act on the presumption, that the way is reasonably safe for ordinary travel, whether by day or night. 13 R.C.L. 472; Birmingham v. Tayloe, 105 Ala. 170, 16 South. 576; Montgomery v. Reese, 146 Ala. 410, 40 South. 760. * * *" Vance v. Morgan, 198 Ala. 149, 73 So. 406.

From Hill v. Reaves, 224 Ala. 205, 207, 139 So. 263, is the following:

"It is also well settled that the proper place for the operation of all vehicles designed for speed or draft is in the speedway of the street, and not upon the sidewalk, which is set apart for the use of pedestrians, vehicles for cripples, invalids, and baby buggies, propelled by a pedestrian; that a bicycle is a 'vehicle' designed for speed, and its proper place is upon the highway or street proper. Fielder v. Tipton, 149 Ala. 608, 42 So. 985, 8 L.R.A.(N.S.) 1268, 123 Am.St.Rep. 69, 13 Ann.Cas. 1012; Holland v. Bartch, 120 Ind. 46, 22 N.E. 83, 16 Am.St.Rep. 307; Wheeler v. City of Boone, 108 Iowa 235, 78 N.W. 909, 44 L.R.A. 821.

" 'A municipality is required to maintain only the respective portions of the street, divided into sidewalks and roadway, in a reasonably safe condition for the purposes for which they are respectively devoted, that is, the sidewalks for pedestrians and the roadways for vehicles and horses. It is not bound to keep its sidewalks and footways fit for the use of vehicles, and drivers of vehicles who intentionally and unnecessarily use them for passage of their wagons, do so at their peril, and cannot hold the municipality liable for injuries sustained because of their unfitness for such use, at least where such use is a contributing cause of the injury.' 13 R.C.L. p. 377, § 308."

In the case before us, there can be no doubt that the proper place for riding the motor scooter was in that part of the street set apart for vehicular travel. Aside from what was said in Hill v. Reaves, supra, an ordinance of the City of Florence restricted the riding of the motor scooter to such area. Of interest in this connection is the fact that a motor scooter is classified as a motor vehicle in the State law prescribing "Rules of the Road" for motor vehicles (Code 1940, Tit. 36, § 1, as amended by Act No. 517, appvd. Aug. 30, 1949, Acts 1949, p. 754; Recompiled Code 1958, Tit. 36, § 1(18) (19) (21) (50)); also, motor scooters (as coming within the definition of a motorcycle, § 692(c), Tit. 51, Code 1940) are required to be licensed by the State along with other motor vehicles (Code 1940, Tit. 51, § 693, as amended by Act No. 206, appvd. July 17, 1951, Acts 1951, p. 468; see also, Act No. 315, appvd. Aug. 1, 1951, Acts 1951, p. 610).

The City contends that the evidence conclusively shows that the depression in the street was 2½ to 2⅝ inches deep and that this, as a matter of law, "does not constitute such defect as to render a street unsafe for ordinary travel." There was introduced in evidence a photograph of the place in question showing a ruler placed in the cut. It is argued that this measurement is conclusive as to the depth of the hole "notwithstanding the opinion of some of plaintiff's witnesses that the depression exceeded the depth shown by the ruler" in the photograph. It is thus stated in appellant's brief:

"Since photograph 4, which has been transmitted to this Court, by accurate measurement conclusively shows the depth of the depression to be less than 3 inches, appellant contends that it is not a jury question as to whether such shallow depression renders the street unsafe for ordinary travel, but that this court should hold as a matter of law that said street was in a reasonably safe condition for ordinary travel, notwithstanding such minor defect. To hold otherwise would make municipalities the guarantors of the safe and unharmed travel to the public."

We are not prepared to say, as a matter of law, that the street at the place where plaintiff was injured was reasonably safe for travel by a motor scooter—a use consistent with the reason for the establishment and existence of the street. The overruling by the trial court of the city's motion for a new trial adds strength to this conclusion.

Each case is dependent upon its own particular facts and circumstances. Our view is that those present in this case presented a question for the jury's determination, that is, whether the city had fulfilled its obligation of exercising ordinary and reasonable care in keeping the street in a reasonably safe condition for travel; in other words, for "uses consistent with the [cause] for [its] establishment and existence." City of Birmingham v. Carle, 191 Ala. 539, 547, 68 So. 22, L.R.A.1915F, 797, supra.

There being no prejudicial error assigned and argued here, the judgments appealed from are due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.