226 So.2d 87

**CITY OF GADSDEN, a Municipal Corporation**

v.

**Roland M. RYAN.**

7 Div. 805.

Supreme Court of Alabama.

Aug. 14, 1969.

Virgil M. Smith, Gadsden, for appellee.

Bill Bradley, Gadsden, for appellant.

SIMPSON, Justice.

The appellee sued the City of Gadsden and an individual defendant who was later charged out of the case by the trial court, seeking to recover for damages to his automobile which occurred when, according to the testimony of the driver, appellee's automobile struck a portion of a public street in Gadsden which gave way under the weight of the automobile causing it to swerve across the street into the path of the individual defendant, whose automobile collided with that of appellee.

The jury returned a verdict in favor of the plaintiff and against the defendant city in the amount of $1,300.00. It also returned a verdict in favor of the individual defendant consonant with the court's instructions. From the final judgment rendered on this verdict, after the trial court denied its motion for new trial, the City of Gadsden has appealed.

Although the assignments of error number some eleven, the appellant complains only that the court erred in refusing to give at the request of the City of Gadsden, the general affirmative charge without hypothesis in its favor. It bases this contention on the following:

Plaintiff stated a cause of action under Title 37, § 502, Code of Alabama, which provided in pertinent part:

"No city or town shall be liable for damages for injury done to * * * any person * * *, unless the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways * * * after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council * * *."

There was no evidence that the defect which plaintiff contended existed in the street had been called to the attention of the City. The City contends that the plaintiff failed to prove that the "same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect". The appellant contends that it was entitled to the general affirmative charge because "there is a complete absence of any evidence of how long the alleged defective condition of the road has existed".

It is true that the plaintiff did not put on any evidence as to the actual length of time the street had been in the defective condition, but he did put on evidence to the effect that the shoulder of the street had washed away and that weeds had grown up in the washed out area and spread over the edge of the street, and that by virtue of the washing away of the dirt under the street it was undermined and a part of the street broke and collapsed when his car ran over it. We think the trial court properly submitted this issue to the jury. As the late Justice Goodwyn said in City of Florence v. Stack, 275 Ala. 367, 155 So.2d 324, 1 A.L.R.3d 490:

"A municipality's duty with respect to maintenance of its streets for travel is well-established in this State. 'In general terms, the liability of a municipality in a suit of this kind is governed by the duty and obligation to exercise ordinary and reasonable care to keep its streets and sidewalks in a reasonably safe condition for travel. This imposition does not make the municipality a guarantor of the safe and unharmed travel to the public. The duty is based on the responsibility and accountability of the city to remedy such defects upon receiving actual notice, or after the same has remained for such length of time and under such conditions and circumstances that the law will infer that the defect ought to have been discovered and remedied. § 502, Title 37, Code 1940; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Birmingham v. Martin, 228 Ala. 318, 153 So. 235; City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634; City of Birmingham v. Coe, 31 Ala.App. 538, 20 So.2d 110, certiorari denied 246 Ala. 231, 20 So.2d 113. * * *' Jacks v. City of Birmingham, 268 Ala. 138, 142–143, 105 So.2d 121, 125–126; * * *"

The liability of the City of Gadsden in this case was dependent upon whether the defect in the street had existed for such a length of time that the law infers that the same should have been corrected. This issue was properly submitted to the

jury. In submitting the issue to the jury, the learned trial judge charged:

"Now, there is a duty on the part of a municipal corporation to keep streets and sidewalks in a reasonably safe condition for travel, the purpose for which they were intended. But, there is a condition on that. If a bad situation exists, then, before the City can be held to have been negligent or to have negligently maintained that street, it must be shown one of two things. Either that the City of Gadsden knew of the defect and failed to do anything about it or that the defect had existed for such an unreasonably long length of time, just as it is alledged [sic] in this complaint, that a reasonable person would have known about it.

"So, gentlemen, you take this in. The first thing for you to determine is whether there was a defect as alledged [sic] in this complaint. And if you are reasonably satisfied from the evidence after viewing the evidence that there was a defect in the street, then, the next thing for you to determine was whether that defect had existed for such an unreasonable length of time that a reasonable person in the ordinary affairs of life could be presumed to have known about it."

The above, we believe, constitutes a sound statement of the law. There was evidence from which the jury could have concluded that the washed out, undermined portion of the street had existed for a lengthy period of time. Under such circumstances it is improper to give the general affirmative charge in opposition to such evidence. The court did not err then in refusing that charge at the request of the City.

These principles compel an affirmance of the judgment appealed from.

Affirmed.

COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.