These appeals are by the plaintiffs from a partial summary judgment entered in favor of the City of Tuscaloosa.
On January 24, 1981, Holly Ann Hale, Dennis Houston Brown, and Thomas Buell Adams were involved in an automobile accident when their car collided with a stopped railway tank car on Hackberry Lane in Tuscaloosa, Alabama. Prior to the accident, the three students had been drinking alcoholic beverages at a local bar known as Tivoli's. They left the bar just after 11:00 p.m. in a car driven by Adams.
As they approached the railroad crossing, two separate pairs of warning lights were flashing, and the signal bells were working. The tank car had been parked at the crossing for approximately thirty-five minutes when the Adams vehicle ran under the tanker, critically injuring Miss Hale and killing Dennis Brown. The warning lights were kept flashing for the entire time the 144-car train was stopped. The driver of the car, Buell Adams, had a .14% blood alcohol reading, according to tests made after the accident. Adams was driving a small Honda automobile, and the specific railway car with which it collided was a black gas tank car; it had no reflectors on its side and was much higher off the ground than a regular box car, the bottom of the car being three to three and one-half feet above the top of the rail. The headlights of the Honda shown beneath the tank, giving the illusion of no blockage.
Miss Hale and her father brought an action to recover damages for her personal injuries and medical expenses, and Gary Brown, father of Dennis Brown, brought an action to recover damages for the wrongful death of his son. Named as defendants in their complaints are Southern Railway, the City of Tuscaloosa, Benners-Nichols Enterprises, Inc., d/b/a Tivoli's, and the Alabama Great Southern Railroad Company.
The plaintiffs' claims against the City are based on the theory that it breached its statutory duty to remedy a defect on a public road. The trial court granted summary judgment in favor of the City of Tuscaloosa, eliminating all claims against it except for the claim of negligent failure to maintain the crossing at which the accident occurred. The trial court limited this claim to the single factual allegation of the failure to maintain a painted emblem on the pavement of the street. The claims against the other defendants are not a subject of these appeals; the trial court entered an order pursuant to A.R.Civ.P. 54 (b) to allow an appeal by the plaintiffs. For purposes of this decision, the Hale and Brown cases have been consolidated. We affirm.
It is true, as appellants argue, that summary judgment should be granted only when, after viewing the evidence in a light most favorable to the non-moving party, it appears that there is no genuine issue of material fact, and the non-moving party cannot prevail as a matter of law; and summary judgment is improper if there is a scintilla of evidence to support the nonmoving party. Allen v. Whitehead, 423 So.2d 835 (Ala. 1982);Robertson v. City of Tuscaloosa, 413 So.2d 1064 (Ala. 1982); *Page 1246 Raley v. Royal Ins. Co. Ltd., 386 So.2d 742 (Ala. 1980); Rule 56 (c), A.R.Civ.P.
Tort liability of municipalities is governed by statute in Alabama. Jackson v. City of Florence, 294 Ala. 592,320 So.2d 68 (1975). In this case, the plaintiffs' claim against the City is based on the theory that it breached its statutory duty to remedy a defect in a public road.
Section 11-47-190, Alabama Code 1975, states:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable to an action for damages by reason of the unauthorized or wrongful acts or the negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."
This Court has long recognized that persons traveling on a municipality's streets may reasonably rely on the municipality to fulfill its obligation to maintain such public ways in a reasonably safe condition for travel. City of Florence v.Stack, 275 Ala. 367, 155 So.2d 324 (1963). A city also has a duty to warn of a dangerous condition on or near the roadway.Isbell v. City of Huntsville, 295 Ala. 380, 330 So.2d 607
(1976).
The City's responsibility and accountability, however, to remedy such a defect are premised upon the receipt of actual notice of the defect or upon the defect's remaining for such a length of time and under such conditions and circumstances that the law will infer that the defect should have been discovered and remedied. City of Tallassee v. Harris, 431 So.2d 1177 (Ala. 1983); City of Gadsden v. Ryan, 284 Ala. 484, 226 So.2d 87
(1969); Jacks v. City of Birmingham, 268 Ala. 138,105 So.2d 121 (1958).
In the present case, the tank car was painted black, and its height placed the bottom of the tanker above the beam of the headlights of an oncoming vehicle. There were no reflectors on the side of the tanker to reflect the headlights of an approaching automobile. It had been in the position blocking the crossing for thirty-five minutes, and the record shows that it was the unusual length of that particular train that caused it to extend across the Hackberry Lane crossing. These unusual circumstances combined to make the crossing dangerous at that particular moment.
We do not agree, however, that a defect in a public road was created by these converging conditions but, assuming that it was, we would still be compelled to affirm the trial court's summary judgment in favor of the City, because there is no evidence, not even a scintilla, that the City either created the defect or had notice of it, or that it had existed for such a period of time as to constitute constructive notice of its existence. The trial court correctly held that the danger created by the tank car's being stopped on the crossing existed for an insufficient time, as a matter of law, to create an inference of constructive notice on the part of the City.
The trial judge was also correct in limiting the claim of negligent failure to maintain the crossing to the single factual allegation of the failure to maintain a painted emblem on the pavement of the street.
It is within the discretion of the trial judge to limit certain claims to single or *Page 1247 
multiple factual allegations. Such a decision will not be disturbed on review unless it is clearly an abuse of that discretion and clearly erroneous. Ex parte Guerdon Industries,Inc., 373 So.2d 322 (Ala. 1979); Williamson-Johns Co. v. Johns,355 So.2d 706 (Ala. 1978).
The affidavit of the City's traffic engineer, Joseph Allen Robinson, establishes that the City agreed with the State of Alabama to maintain the pavement markings on city right-of-way that were installed by a contractor employed by the State. The City has not otherwise attempted to install or maintain any of the advance warning signals and guards at the Hackberry Lane crossing.
It is true that, under certain conditions, a railroad crossing may be a hazardous defect at or near the street, and if the City has actual or constructive notice of such a defect, it has the duty to remedy that defect. In the present case, however, the only question of liability for the factfinder to decide, regarding the City, is whether the painted emblem on the street was maintained in such a manner as to constitute adequate warning of the crossing. This appeal presents no questions of fact regarding liability on the part of the City of Tuscaloosa.
Therefore, the decision of the trial judge is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.