ADAMS, Justice.
The plaintiffs, Melton Lee Bethea and Lenson Lee Bethea, appeal the trial court’s judgment based on a directed verdict in favor of the defendants, Escambia County, Stan Stewart, and Randall K. Murph, in a negligence action involving an automobile accident. The Betheas contend that defendants Stewart and Murph, who are employed by the Escambia County Sheriffs Department, negligently handled a highway emergency situation, thereby causing the Betheas to wreck their car. The defendants contend, however, that the Be-theas failed to prove the elements of their negligence claim and, therefore, that directed verdict was proper. We affirm.
On the morning of December 27, 1983, the Betheas received injuries when their automobile struck the rear of another car, which belonged to John Sanders. At 6:12 a.m., prior to the accident, the Atmore Police Department had received a call advising them that a car was disabled and off the road on Highway 31 near the overpass bridge at Canoe, Alabama.
Defendant Stewart, deputy sergeant with the Escambia County Sheriffs Department, received notification about the disabled car from the Atmore police dispatcher. When he arrived at the scene, he observed a vehicle off the side of the road on the north side of the bridge. He noticed the car was unmanned, and he began walking back toward the bridge. His car was equipped with standard features, but no emergency blue lights.
Defendant Murph, a deputy patrolman with the Escambia County Sheriffs Department, received notice of the disabled car and notice that Stewart was en route to observe the scene. On his way to the scene, Stewart informed Murph that ice was present on the bridge.
While the two men walked back to the bridge, they observed, and flagged down, a southbound vehicle driven by Edna Hancock. Murph checked for northbound traffic; he did not see any, so he instructed Hancock to pull her car around his patrol car and the disabled car, back into the southbound lane. At this time, Stewart was at the north end of the bridge approximately one-third to one-half across it when he noticed a car driven by John Sanders. Stewart waved at Sanders, trying to slow his speed, whereupon Sanders lost control, hit the guardrail, and impacted with Hancock’s car resting in the northbound lane.
*874 Within a few seconds, the Betheas proceeded across the bridge at an approximate speed of 50 miles per hour. After crossing the bridge, the Betheas collided with Sanders’s car and their car exploded, causing the Betheas to suffer severe burns. The Betheas were driving on Highway 31 because their usual route was impaired due to ice on bridges. The Betheas testified that before the Hancock vehicle came into view, they saw the reflection of lights emanating over the bridge.
The trial court ruled that the defendants did not owe any duty to the Betheas in the handling of the highway emergency. The trial court stated that Escambia County did not have a duty to equip its patrol cars in order to properly handle highway emergencies. In addition, the trial court ruled that the Betheas did not show that the defendants undertook traffic control and that they did so negligently. We find that the trial court erred in reaching its conclusions that the defendants did not have a duty to skillfully maintain traffic control; however, the trial court was correct in granting defendants’ directed verdict.
“On appeal after a directed verdict, this Court must examine the record to see if there was any evidence in support of the theory of the complaint which would render the directed verdict improper.” Reynolds v. McEwen, 416 So.2d 702, 705 (Ala.1982). Negligence has three essential elements: (1) a duty owed to the plaintiff by the defendant, (2) the breach of that duty, and (3) injury proximately caused by the breach. Reynolds, supra; Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala.1978); Calvert Fire Insurance Co. v. Green, 278 Ala. 673, 180 So.2d 269 (1965). The issues on this appeal concern whether the defendants had a duty to skillfully control the traffic, whether they breached that duty, and whether they owed any special duty to the Betheas.
In order to sustain an action founded in negligence, the Betheas must prove the existence of a duty owed to them. Alabama Power Co. v. Laney, 428 So.2d 21 (Ala.1983). If the Betheas fail, then their case is due to be dismissed. Parker v. Thyssen Min. Const., Inc., 428 So.2d 615 (Ala.1983). Section 36-22-3, Code of Alabama (1975), sets forth the general duties of the office of the sheriff. This statute does not specifically impose a duty to control traffic at the scene of an accident. However, § 36-22-3(5) does impose on the sheriff’s department a duty “[t]o perform such other duties as are or may be imposed by law.” It is hornbook law that once a person undertakes a task he must perform it in a reasonably prudent manner. Therefore, by reason of the common law and the statute, § 36-22-3(5), which incorporates the common law, if the defendants undertook to control traffic they had an obligation to do so as reasonably prudent persons under the circumstances.
The Betheas cite Hale v. City of Tuscaloosa, 449 So.2d 1243 (Ala.1984), for the proposition that a city has a duty to warn of a dangerous condition on or near the roadway. The defendants are correct when they point out that in Hale the duty of the city was specifically provided by statute. § 11-47-190, Code (1975). However, in Hale, even after recognizing a duty on the part of the city, this Court upheld the city’s summary judgment. Although a duty did exist, it was not activated until the city had actual or constructive notice of the defect. In Hale, no actual notice existed, and 35 minutes was held insufficient to allow a finding of constructive notice. Although Hale is inapplicable to the present case, by virtue of a different statute, the rationale espoused in Hale is pertinent; no duty should be imposed without notice of a defect.
In Williams v. City of Tuscumbia, 426 So.2d 824 (Ala.1983), we held that a fire department had a special duty to act in a skillful manner to respond to a call once a fire was reported. In Williams, the driver of the fire truck had gone home sick and the fire department failed to replace him. This Court held that the fire department acted unskillfully when it failed to replace the driver, not in its method of fire fighting.
In this case, the defendants responded to the call concerning the disabled car. Upon *875 seeing the Hancock car, the two men stopped the car and instructed Hancock to block the traffic on the southbound lane of traffic north of the bridge. At this point, although not obligated to do so, the men began controlling traffic; thus they were required to do so in a “skillful” manner. In addition, when Stewart flagged down Sanders, he was acting in such a manner as to control Sanders’s driving, alerting him of the cars ahead of him just past the bridge.
Our next issue centers on whether the defendants used due care. “The ultimate test of an existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised.” Buchanan v. Merger Enterprises, Inc., 463 So.2d 121, 126 (Ala.1984). The defendants in this case began controlling traffic from the moment they noticed the Hancock car. They instructed Hancock to pull around and park in the southbound lane. This cannot be viewed as negligent. After the Hancock car was in place, Stewart began walking south across the bridge. He was not half across the bridge when he attempted to flag down Sanders. We do not know why Sanders lost control of the car and struck the Hancock automobile. This is where the Betheas argue that the defendants’ breach occurred. Although the Betheas’ accident occurred seconds after the Sanders wreck and while Stewart was still on the bridge, the Betheas argue that the defendants had a duty to warn them of the collision ahead. They further argue that Escambia County should have provided the men with cars equipped with blue lights, etc., that would have alerted them of the trouble ahead. However, the Betheas testified that they saw lights emanating over the bridge. Therefore, they were aware of activity ahead of them. We do not undertake here to place specific requirements on Escambia County in the equipment of its personnel involved in law enforcement. The defendants had a duty to skillfully control traffic. However, they are only required to act reasonably. As pointed out in Williams, the fire department acted unskillfully in not replacing the driver. “We recognize the fact that firemen may act with extreme skillfulness and yet be unable to get to a fire to prevent a building from burning to the ground.” Williams, 426 So.2d at 826. Following this logic, we conclude that while the defendants must act skillfully in their traffic control, that does not mean that they are required to prevent all accidents, especially in cases where ice is present on a bridge and they are still in the initial stages of traffic control.
Negligence is failure to do what a reasonably prudent person would have done under the same or similar circumstances. Elba Wood Products, Inc. v. Brackin, supra. Reasonable minds could not differ on the question whether the defendants acted reasonably under the circumstances of this case.
We find that because the defendants undertook traffic control, they were under a duty to do so skillfully, but they were not under a special duty in regard to the Be-theas. Therefore, we find no error in the trial court’s granting of the defendants’ motion for directed verdict.
For the reasons set forth, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.