ANNA M. ROSE AND THEODORE F. ROSE, RESPONDENTS.
v. MARY COOPER SLOUGH, APPELLANT.

Submitted March 25, 1918—Decided June 17, 1918.

Where a municipality, in pursuance of state legislative sanction, assumes control of the trees within its territory, an abutting owner, on a street of such municipality, is relieved from the care of a tree standing on the sidewalk in front of his premises, to the extent that he will be exempt from liability to respond in damages, in a civil action, to an individual who has suffered an injury of which the tree was a producing cause.

On appeal from the Supreme Court.

For the appellant, *Bleakly & Stockwell.*

For the respondents, *Wescott & Weaver.*

The opinion of the court was delivered by

KALISCH, J. The respondents, husband and wife and plaintiffs below, were permitted to recover a judgment against the appellant, defendant below, upon the following state of facts: The defendant was the owner of certain premises abutting a public highway in the township of Pensauken. A sidewalk paved with patent composition paving blocks extended along the front of the premises. On this sidewalk stood and grew a shade tree, the roots of which, from natural growth, spread under the paving blocks and caused them to bulge up several inches, thereby rendering the sidewalk uneven and broken in several places. The female plaintiff, while walking along on this sidewalk, stumbled and fell, as a result of its uneven and broken condition, and sustained injury. These facts are the gravamen of the amended complaint filed in the cause, with the additional averment that the defendant maintained the "shade tree for use, pleasure and comfort and for the beautification of her property."

With the exception of this averment the material facts of the present case are not dissimilar to those set forth in *Rupp v. Burgess,* 70 *N. J. L.* 7. In the case cited there was a demurrer to the first count of the declaration which averred "that the defendant was the owner of a certain lot fronting on Newton street, in the city of Newark, and while owning and occupying this lot, he wrongfully and knowingly permitted the flagstones, with which the sidewalk in front of his property was covered, to become and remain in a broken, insecure and dilapidated condition," and that by reason thereof the female plaintiff, who was walking along upon that portion of the sidewalk, stumbled and fell, &c.

Mr. Chief Justice Gummere, speaking for the Supreme Court (on *p.* 9), said: "The first count, plainly, discloses no cause of action. It is based upon the assumption that the owner and occupant of premises abutting upon a public street is under a legal duty to keep in repair the sidewalk in front of his property. But no such obligation rests upon him, unless by virtue of the requirements of a city or municipal ordinance (*Dill. Mun. Corp.,* ¶ 1012; *Weller* v. *McCormick,* 47 *N. J. L.* 397), and the declaration fails to allege the existence of any such requirement."

"And even when the duty of repairing sidewalks is imposed upon the abutting owner by statute or ordinance, the failure to perform that duty does not render the owner responsible to individuals for injuries received by them, resulting from defects in the sidewalk due to want of repair. The only liability which rests upon the property owner for the non-performance of such a duty is the penalty provided by the statute or ordinance. *Fielders* v. *North Jersey Street Railway Co.,* 68 *N. J. L.* 343, 352, and cases cited."

Counsel of respondents argue that the doctrine enunciated in Weller *v.* McCormick supports the theory upon which the plaintiffs were permitted to recover in the present case. It is true that the case referred to, in many of its features, is like the present. It is, obviously, materially unlike in one important respect, and that is, that the injury sustained by the plaintiff was the result of a decayed branch of a tree, which

stood in front of the defendants' premises, falling upon the plaintiff while passing along the sidewalk, whereas, in the present case, the injury to Mrs. Rose resulted from a fall on a sidewalk, by reason of its being out of repair. As to the bearing of this difference in the facts upon the legal aspects of the present case will be considered later.

In *Weller* v. *McCormick,* 47 *N. J. L.* 397, Mr. Justice Dixon, in a careful and well-reasoned opinion, points out with characteristic perspicuity the essential facts necessary to be established, by the plaintiffs, in order to cast a liability upon the landowner to respond in damages for the injury sustained.

On *p.* 398, the learned judge said: "It must be conceded that ordinarily, when a person, for his private ends, places or maintains, in or near a highway, anything which, if neglected, will render the way unsafe for travel, he is bound to exercise due care to prevent its becoming dangerous. If, therefore, from the fact that a tree in question stood on a portion of George street owned by the defendant, it is to be inferred that the tree was placed or maintained there by him for his private benefit, it would follow that the alleged duty existed. But we think that in the present case this fact is not sufficient to warrant such an inference against the defendant."

It is to be observed that this alleged duty of the abutting owner is qualified by a condition, that the tree was placed or maintained in the public highway for his benefit, and that the mere fact of the presence of the tree on a portion of the highway in front of the owner's premises, gave rise to no presumption that it was there for the private benefit of the defendant, and hence, created no legal duty regarding it.

The learned justice then proceeds (on *p.* 398) to state his reasons, as follows: "Shade trees in the street of a city are of public as well as private utility. They protect and ornament the way for public use, as they also do the adjoining property for private enjoyment. It is therefore clear that, by virtue of the ordinary public right in highways, the public may plant and maintain shade trees therein. Whether the legislature, to whom this power primarily belongs, has in a given case delegated it to a subordinate, depends of course upon

the terms by which authority is granted. In the charter of the city of New Brunswick the matter is not left in doubt. That instrument (*Pamph. L.* 1863, *p.* 347, ¶ 31) gives the common council power to make, modify and repeal ordinances, rules, regulations and by-laws for directing and regulating the planting, rearing, trimming and preserving of ornamental shade trees in the streets, parks and grounds of the city. It thus appears that since 1863 the municipality has had the power of planting and preserving shade trees in the streets, and therefore the presence .of any such tree in the street may be attributed to the exercise of this power as well as to any other cause. Under these circumstances the most that the plaintiffs can properly claim to have proved is that the tree was planted or maintained either by the defendant for private purposes or by the city. for public purposes."

The result reached was that the verdict could not be maintained upon an inference that the tree was planted or maintained by the defendant, and that if the tree in question was planted or preserved by the city, the defendant owed no legal duty concerning it, except such as was imposed by the by-laws of the corporation.

Now, in the case under consideration, the uncontroverted proof is that the tree was on the sidewalk when the defendant acquired ownership of the premises. There is an utter absence of any proof tending to establish that the tree was planted or maintained for the private benefit of the owner. On the contrary, there is a perfectly legitimate inference from the facts that when the tree was set out it was in conformity to a plan to beautify the public highway.

It is clear from an act entitled "A further supplement to an act entitled 'An act to increase the powers of township committees,' approved March 11, 1880" (*Pamph. L.* 1893, *p.* 130), that the legislature conferred the power upon township committees "to direct and regulate the planting, rearing. trimming and preserving the shade trees" in the highways of the townships, and "to authorize or prohibit the removal or destruction of the same."

The plaintiffs introduced an ordinance, in evidence, passed by the township committee, regulating the trimming of shade trees standing along the streets, roads, avenues and highways of the township, and fixing a penalty of $5 for a violation of the ordinance by the owner, and reserving to the municipality the power to direct such shade trees to be trimmed at the cost and expense of the owner. This situation was not present in *Weller* v. *McCormick, supra.* The legal effect of the ordinance, in the present case, is that it is an affirmative act of the municipal authority, by which it has taken under its care and control the regulation and preserving of shade trees for the public benefit.

The fact that a failure of the owner to observe the behest of the ordinance subjects him to a penalty does not, according to well-settled authority, create a right of action against such owner, by an individual who has sustained an injury arising from the non-observance, because the ordinance belongs to a class of ordinances, as was well said by Mr. Justice Pitney, in *Fielders* v. *North Jersey Street Railway Co., supra* (on *p.* 352) : "Intended not for the benefit or protection of individuals comprising the public, but for the benefit of the municipality as an organized government, and more particularly if they impose upon property owners the performance of a part of the duty of the municipality to the public, a legislative intent is indicated that a breach of such ordinance shall be remedial only at instance of the municipal government or by enforcement of the penalty prescribed therein; and there shall be no right of an action to an individual citizen especially injured in consequence of such breach."

The circumstance that the defendant, a few days after the accident, employed a contractor to cut away the roots of the tree in order to repair and level the sidewalk, and thus to make it safe, is wholly unimportant. It was not evidential of any legal duty owing from the defendant to the plaintiff, by reason of the presence of the tree in the highway before and at the time the plaintiff was injured.

Any citizen may lawfully abate a public nuisance in the highway. The fact, therefore, that the defendant abated a

public nuisance created in front of her premises, after the plaintiff was injured, cannot properly raise an inference that she created it or had any especial control over it. She was under no legal duty to put the sidewalk in repair. The fact that she undertook to do so after the accident cannot properly raise an inference of individual responsibility for the creation of the nuisance, if such existed.

Reverting now to the marked distinguishable feature of this case from *Weller* v. *McCormick, supra,* we find that in the case cited the undisputed fact was that it was the falling of a decayed limb of a tree upon the plaintiff that caused his in- ·jury. In the present case, it is not pretended that the roots of the tree were the proximate cause of the injury to the plaintiff. The testimony is ample, to the effect that the pavement of the sidewalk was made uneven by the spreading of the roots of the tree underneath, and that the paving blocks were kicked out of position by some of the public using the sidewalk. It is, therefore, the defective condition of the sidewalk, partly caused by the roots of the tree and the use made of the sidewalk by the public in general, which is made the basis of the defendant's liability.

As has already been pointed out, there was no legal duty resting upon the defendant to keep the sidewalk in repair. It would seem, therefore, that the causes which operated to put the sidewalk in a defective condition are inconsequential, unless it is established that the defendant by some act of her own contributed to such defective condition. There is no proof in the case showing when the pavement was laid, or that the defendant caused it to be put down, or that at the time the paving was done there were any indications of any roots of a tree in the ground likely to disturb the pavement.

The defendant was, therefore, in a similar position to that of an owner of premises, whose sidewalk becomes defective because of buckling in extreme hot weather, or becomes depressed by heavy rains, or becomes out of repairs by reason of any other action of the elements, or by the destructive acts of pedestrians, and permits such sidewalk to remain in that condition. There being no legal duty cast upon the owner

to repair, there can be no recovery for an injury sustained, by reason of such defective sidewalk, arising from a failure to repair. In the present case, the growing and spreading of the roots, which caused the sidewalk to become uneven, were nature's work and over which the defendant had no control and concerning which she owed no duty.

But irrespective of this fact, where a municipality, in pursuance of state legislative sanction, assumes control of the trees within its territory, an abutting owner, on a street of such municipality, is relieved from the care of a tree standing on the sidewalk in front of his premises, to the extent that he will be exempt from liability to respond in damages, in a civil action, to an individual who has suffered an injury of which the tree was the producing cause. The refusal of the learned trial judge to grant defendant's motion for a nonsuit was error, and, therefore, the judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.