160 So. 778

## CITY OF BIRMINGHAM v. HENDERSON.

### 6 Div. 621.

Court of Appeals of Alabama.
April 16, 1935.

W. J. Wynn and Leigh M. Clark, both of Birmingham, for appellant.

Harsh, Harsh & Hare and J. T. Roach, all of Birmingham, for appellee.

**SAMFORD, Judge.**

 The first and principal contention of appellant is that the maintenance of the sidewalk in the condition it was in at the time of plaintiff's injury was not, as a matter of law, actionable negligence. To sustain this position we are cited to several decisions of other states, notably the case of Mayor, etc., of City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, L. R. A. 1916A, 482, where the opinion cites several authorities to sustain the accepted doctrine that municipalities are only required to exercise ordinary care to keep and maintain their streets and sidewalks in a reasonably safe condition for the use of persons exercising ordinary care and caution in their use, and then goes on to hold that a depression caused by a misplaced brick in a brick sidewalk does not of itself show such a defect as renders the city liable for personal injury caused thereby. Conceding that the above case, and some of the others cited, tend to support the contention of appellant, we are of the opinion that the facts in the instant case are such as render the ques-

tion of actionable negligence one of fact for the jury. Here the sidewalk was paved with concrete and plaintiff in using it had a right to expect a smooth surface. Instead, one of the sections of the paving had broken loose and become raised above the adjoining section from 1¾ to 4 inches, just low enough not to attract the ordinary observation of a pedestrian, and just high enough to strike the foot and cause the fall. The defect was very evident in the daytime, but at night when this accident occurred and in the shadows it was not so evident or apparent.

It is stated as a general rule and sustained by many authorities that depressions in the street or sidewalk may give rise to a right of action for injuries caused thereby, if they are of such a nature that danger therefrom might reasonably be anticipated. 43 Corpus Juris 1014.

As was said by Sayre, J., in City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542, 543: "Anything that may reasonably be expected to interfere with the safe use of a sidewalk [day or night] by pedestrians is a defect." City of Birmingham v. Carle, 191 Ala. 539-548, 68 So. 22, L. R. A. 1915F, 797.

Of course, the liability does not necessarily follow upon proof of a defect and injury resulting therefrom. The basis of responsibility is negligence in suffering a defect to remain after it should in reason have been repaired and notice to the corporation of the defect, or of facts from which notice may be reasonably inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied, is essential to liability. The foregoing is the rule as stated in City of Bessemer v. Whaley, supra, and sustained. Town of Cullman v. McMinn, 109 Ala. 614, 19 So. 981, and Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422.

We are of the opinion that the question of the defendant's liability was properly submitted to the jury.

Assignments of error 1, 2, 3, 4, 5, 6, and 9 were argued as a group. Under Supreme Court rule 10 the above disposes of all of said assignments.

 The summons was originally issued to this defendant and to Mrs. A. H. Ware, the adjacent property owner. On the trial it was made to appear that the defendant Ware was not served and that the summons as to her was returned not found by the sheriff. Thereupon the plaintiff by leave of the court amended his complaint by striking out the name of Mrs. A. H. Ware. The defendant then moved

for a nonsuit, which motion was denied. The summons as to Mrs. Ware having been returned not found by the sheriff, the p'aintiff was entitled to his amendment and to proceed with his suit. Code 1923, § 2030.

■ Refused charge made the basis of assignment of error No. 8 was substantially covered by the court in his general charge. Moreover, under the facts in this case and with the full and explicit charge of the court on the question of plaintiff's contributory negligence, the requested charge was not only not necessary, but tended to mislead the jury.

Under the well-known case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, we will not disturb the ruling of the court on the motion for a new trial. The judgment is affirmed.

Affirmed.