191 So. 214

## TARRANT CITY v. DORR.

### 6 Div. 524.

Supreme Court of Alabama.

June 15, 1939.

Rehearing Denied Oct. 12, 1939.

Graham & Wingo, of Birmingham, for appellant.

Coleman, Parsons & Abele, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The complaint was not subject to the defendant's demurrer which was properly overruled by the trial court. Mayor and Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424; City of Birmingham v. Henderson, 26 Ala.App. 389, 160 So. 778.

In our case of Mayor and Aldermen of Birmingham v. Lewis, 92 Ala. 352, 9 So. 243, this court, for perhaps the first time, dealt with the defense of a municipality's financial inability to repair or remove the defects in its sidewalks as a defense to actions of this character, and again in the case of Lord v. City of Mobile, 113 Ala. 360, 21 So. 366. As we understand, the rule, as there announced, was to the effect that the fact that "the corporation though it had levied the full rate of taxation allowed by law, had not the necessary funds in hand to keep the street and sidewalk in proper repair, is no defense to the action, when it is not shown that the corporation had exhausted other means placed in its power by its charter." Again, in the Lord case, supra, the rule invoked is: "Municipal corporations; defective sidewalks; ability to keep in repair. Where a city, by its charter, is empowered and is required to keep its sidewalks in repair, it is liable for personal injuries suffered from the negligent performance of the duty thus enjoined, and in an action for personal injuries resulting from a defect in the sidewalk, it is no defense that the municipality has no funds with which to repair the sidewalk, unless is is shown that all the means at the command of the municipal authorities for the performance of the duty enjoined by the charter had been exhausted."

The evidence sought to be elicited from the witnesses by counsel for defendant did not go far enough in stating a proposed compliance with the rule as to the defendant's inability to have remedied the defect, and the ruling of the trial court was free from error. In other words, the attempt or offer was to show the then inability of the defendant to make repairs and not at the time the defect arose or during all the time between the creation of same and the time of plaintiff's injury. The complaint and proof proceed upon the theory that the defect arose out of the construction and was maintained up to the time of the injury and, from aught appearing, the defendant may have been able to have remedied or removed the same before plaintiff was injured.

There was objection to a part of the closing argument of appellee's counsel and the objection was sustained, and the defendant got the benefit of all that was asked by its counsel.

There was no error in giving plaintiff's charge 2. It asserts the law. City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430.

Defendant's refused charges, which we number 1 and 2, were refused without error. They attempt to invoke contributory negligence and there was no proof of such negligence on the part of the plaintiff or reasonable inference of same. Birmingham Railway, Light & Power Co. v. Oden, 164 Ala. 1, 51 So. 240.

The trial court refused the motion for a new trial without error.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.