197 So. 885

### CITY OF BIRMINGHAM v. WOOD.

#### 6 Div. 702.

Supreme Court of Alabama.

June 27, 1940.

Rehearing Denied Oct. 10, 1940.

John S. Foster, of Birmingham, for appellant.

140

Harsh, Harsh & Hare, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for damages for personal injuries resulting from a fall alleged to have been caused by a defect in the sidewalk.

The counts of the complaint (1, 4 and 6) which were submitted to the jury are

thought to be defective by reason of the insufficiency of averment showing that the condition was not reasonably safe for use by the public.

Those counts do make that specific averment, but it is contended that the physical facts alleged are not sufficient predicate to support that averment of an absence of reasonable safety at that location. The physical facts alleged to exist at the particular place are that there was a "defect or elevation or raised place in said sidewalk," and that while proceeding along or upon said sidewalk plaintiff's foot came in contact with it, proximately causing her injuries, and that defendants negligently caused or negligently allowed said sidewalk to be or remain in a condition not reasonably safe for use by the public.

■ The point made is that the alleged "defect or elevation or raised place" is not described with such particularity as to show that it is capable of not being reasonably safe for use by the public. We agree that the complaint must allege enough particulars to show that it may be thus reasonably unsafe as alleged. Mobile L. & R. R. Co. v. Therrill, 205 Ala. 553, 88 So. 677.

■ Whether those particulars may support the allegation of the inference from them that the place was not reasonably safe is a question of law to be raised by demurrer. West v. Spratling, 204 Ala. 478, 479 (4), 86 So. 32.

■ Great particularity of detail is not necessary. It is sufficient to state enough detail to show that the location may be so defective as to be dangerous, and then to state that it was dangerous. "Anything that may reasonably be expected to interfere with the safe use of a sidewalk by pedestrians is a defect." City of Bessemer v. Whaley, 187 Ala. 525, 529, 65 So. 542, 543.

■ The complaint in this respect properly interpreted means that the sidewalk was so defective by reason of an elevation or raised place, as not to be reasonably safe for use by the public, and that defendants negligently caused it to be so or negligently allowed it so to remain, so as to exist at the time of plaintiff's injuries, and to be the proximate cause of them. So interpreted, it is not subject to the objection now urged.

■■ The particular legal duty alleged to have been breached is the negligence of defendants in causing or negligently allowing such dangerous place to exist. So far as the city is concerned, the law has placed such duty upon it. Bessemer v. Whaley, supra; Brooks v. Birmingham, Ala.Sup., 194 So. 525.[1] The allegation of negligence in that respect imports that the defect had existed sufficiently long to have been discovered and remedied by defendant by the exercise of due care. Lord v. City of Mobile, 113 Ala. 360, 21 So. 366; 15 Alabama Digest, Municipal Corporations, page 214, ⊂⊃816(4).

Appellant also insists that the evidence shows such a trivial elevation in the sidewalk as not to be dangerous, and not sufficient to go to the jury on that question. An assistant city engineer made careful measurements of the location. He says that there was a four foot block walk. The street extends east and west. The southwest corner of one of the four foot blocks was raised two inches, and the south-east corner was raised one inch. The north side of the block was level with the balance of the sidewalk. A tree was between the south side of this block and the curb situated in a grass plot which was six feet wide between the curb and sidewalk, and the tree was about in the center of it. A root of that tree had grown under the block in the sidewalk and caused its elevation as described.

Appellant insists with much interest and care that such a condition is so trivial as that it is not sufficient upon which to predicate a finding of negligence by the city. Counsel have cited many cases, all of which we have examined, to support their contention. In most of them there was either a slight depression in the sidewalk or, if an elevation, there were some circumstances which lessened the danger or the duty of the city, not here apparent.

We take for instance the case cited of Hirst v. City of Missouri Valley, 193 Iowa 1225, 188 N.W. 783. The sidewalk consisted of two rows of cement blocks three by four feet. There was a small crack between the rows. Four of the blocks in one row at the outside were about three inches lower than the other row, being depressed at the side on the north. The other side of

142

those blocks was practically level. The court followed Johnson v. City of Ames, 181 Iowa 65, 162 N.W. 858, that such a depression is not such a defect as to support a claim of negligent injury resulting from it. It distinguished the situation from that in the case of Geer v. City of Des Moines, 183 Iowa 837, 839, 167 N.W. 635, 636, on the ground that the latter case was an elevation, and in it the Johnson case, supra, was considered and the difference found to be material. We quote from the Geer case, supra, as follows:

"In the case at bar there was evidence from which the jury could find that a section or block of the cement from which the walk was made had been lifted to a height of from one to three inches. That such an obstruction in an otherwise smooth walk is one against which a pedestrian is likely to stumble and fall is very manifest, and this is particularly true when the vision of the traveler is obscured by darkness, as is here shown to be the case. That such was the character of this obstruction is also shown by the fact that several others had stumbled and fallen over it. * * *

"To hold that as a matter of law the admitted defect in the walk was not of such character as to charge the city with negligence in failing to remedy it within a reasonable time after notice, actual or constructive, of its existence, would be to establish a precedent out of harmony with our adjudged cases and inconsistent with the spirit of the statute which imposes upon cities and towns the duty to maintain their public ways free from nuisances and reasonably safe for their intended use. The appellant relies principally upon the recent case of Johnson v. Ames [181 Iowa 65], 162 N.W. 858, but we do not regard it as controlling upon the facts now before us. In the Johnson Case the defect complained of was a slight depression in the surface of the walk, and, among other things, one of the important questions to be considered was that of constructive notice to the city. Concerning this we said:

" 'It must have been a defect of such character as, in view of its location and the use made of the walk, to attract the attention of the officers of the city and cause them, in the exercise of that degree of caution which an ordinarily prudent person would exercise under like circumstances, to anticipate danger therefrom to the pedestrian passing along the walk, and we are of opinion that the defect was not such as thus to put the city on its guard.'

"In so holding the opinion draws a distinction between a slight depression in a walk and an obstruction elevated above its surface—a difference which, within limits, may be of material consideration."

We have in this State considered cases where the defect was an elevation one and three-quarters to four inches. See, City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25; Birmingham v. Henderson, 26 Ala.App. 389, 160 So. 778.

■ Each case is dependent upon its own circumstances. The photographs of this situation are in the record, and were before the jury. It is pointed out that the kodak was held near the ground to magnify this elevation. But it shows the nature of the condition, and probable stance of the photographer.

■ We think it was within the province of the jury to find that this was a defect, and that it had existed so long, and was so obvious as to justify a further finding that in that time and before plaintiff was injured, the city should have discovered and remedied it. Plaintiff was injured in the night time, if that is material.

Mrs. Iva M. Reilly was made a defendant in the suit in compliance with information furnished by the city to plaintiff on her demand under section 2030, Code, as the person jointly liable to plaintiff. Upon the trial, the court gave the affirmative charge for her, and the city contends that on that account it was also due the affirmative charge, and that for like reason its motion for a new trial should have been granted.

■ The city cannot sustain that position if Mrs. Reilly was not liable either because she was not negligent in that respect or owed no duty to the public as to the safety of the sidewalk at that location, for a breach of which she was initially responsible: wherein the liability of the city was for the failure to remedy the condition for which she was thus responsible. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; Brooks. v. City of Birmingham, supra.

That we may analyze the status of Mrs. Reilly's duty, we make the following diagram of the situation as it appears in the evidence:

▮ Her lot with dwelling on it is in the northeast corner of the diagram. She bought it as lot 9, block 7, showing a west and south property line, as indicated above. Between the west line and the curb on Seventh Street, there was no sidewalk or other street improvement. Between the south line and Tenth Avenue curb there was a paved sidewalk four feet wide: The space between them was open and grown in grass. The location of the accident was in the dedicated street used for a sidewalk. It was neither directly west nor south of her property line. But if each such line were extended to the curb, that is the west line to Tenth Avenue and the south line to Seventh Street, the location of the accident would be in the triangle at the corner. But that corner triangle is, we think, abutting on the corner lot when properly considered. 44 Corpus Juris 548, notes 93, 94, page 551, section 2925. She was not, we think, due the affirmative charge on the ground that she was not an abutting property owner.

This general section had been laid out as a residential addition, surveyed, mapped and dedicated, and trees planted in 1925, and all

was accepted by the city which had taken over the care of the streets—all before Mrs. Reilly purchased the corner lot. Was it then her duty to take care to keep the sidewalk at that place reasonably safe for the public use insofar as it may be affected by the roots of the trees? Section 5772 of the City Code of Birmingham of 1930 is in the following language: "It shall be unlawful for any property owner to allow the sidewalk paving in front, or along the side of his, or her, or their property to remain in a broken, worn, damaged or defective condition, or to permit, suffer, cause or allow any obstruction to remain thereon, or on any grass-plat adjacent to such sidewalk, or to permit such sidewalk or grass-plat to remain in an unsafe or dangerous condition to the traveling public or to pedestrians using the same in the ordinary manner of travel thereon."

It was said in Texas Co. v. Williams, 228 Ala. 30, 152 So. 47, that as a general rule no duty rests upon the owner or occupant abutting a sidewalk to keep the same in repair and he is not liable for defects which he did not create. 43 Corpus Juris 1103, section 1866, 1104, section 1867; 29 Corpus Juris 679; 25 Amer.Jur. 657, section 364.

There is an illuminating discussion of this question in Rose v. Slough, 92 N.J.L. 233, 104 A. 194, L.R.A.1918F, 813, differentiating it from Weller v. McCormick, 47 N.J.L. 397, 1 A. 516, 54 Am.Rep. 175. Of the latter case, and generally on the subject, it is said in the former [92 N.J.L. 233, 104 A. 195, L.R.A.1918F, 813]:

"In Weller v. McCormick, Dixon, J., in a careful and well-reasoned opinion, points out with characteristic perspicuity the essential facts necessary to be established by the plaintiffs, in order to cast a liability upon the landowner to respond in damages for the injury sustained. In 47 N.J.L. [397], on page 398, 1 A. [516], on page 517, 54 Am.Rep. 175, the learned judge said:

" 'It must be conceded that ordinarily, when a person, for his private ends, places or maintains, in or near a highway, anything which, if neglected, will render the way unsafe for travel, he is bound to exercise due care to prevent its becoming dangerous. If, therefore, from the fact that the tree in question stood on a portion of George street owned by the defendant, it is to be inferred that the tree was placed or maintained there by him for his private benefit, it would follow that the alleged duty existed. But we think that in the present case this fact is not sufficient to warrant such an inference against the defendant.'

"It is to be observed that this alleged duty of the abutting owner is qualified by a condition, that the tree was placed or maintained in the public highway for his benefit, and that the mere fact of the presence of the tree on a portion of the highway in front of the owner's premises gave rise to no presumption that it was there for the private benefit of the defendant, and hence created no legal duty. * * *

"Now, in the case under consideration, the uncontroverted proof is that the tree was on the sidewalk when the defendant acquired ownership of the premises. There is an utter absence of any proof tending to establish that the tree was planted or maintained for the private benefit of the owner. On the contrary, there is a perfectly legitimate inference from the facts that when the tree was set out it was in conformity to a plan to beautify the public highway. * * *

"The plaintiffs introduced an ordinance, in evidence, passed by the township committee, regulating the trimming of shade trees standing along the streets, roads, avenues, and highways of the township, and fixing a penalty of $5 for a violation of the ordinance by the owner, and reserving to the municipality the power to direct such shade trees to be trimmed at the cost and expense of the owner. This situation was not present in Weller v. McCormick, supra. The legal effect of the ordinance in the present case is that it is an affirmative act of the municipal authority, by which it has taken under its care and control the regulation and preserving of shade trees for the public benefit.

"The fact that a failure of the owner to observe the behest of the ordinance subjects him to a penalty does not, according to well-settled authority, create a right of action against such owner, by an individual who has sustained an injury arising from the nonobservance, because the ordinance belongs to a class of ordinances as was well said by Pitney, J., in Fielders v. North Jersey St. Ry. Co., supra [39 Vroom, 343], 68 N.J.L. [343], on page 352, 53 A. [404], on page 407, 54 A. 822, 59 L.R.A. 455, 96 Am.St.Rep. 552—

" 'intended, not for the benefit or protection of individuals comprising the pub-

lic, but for the benefit of the municipality as an organized government, and more particularly if they impose upon property owners the performance of a part of the duty of the municipality to the public, as legislative intent is indicated that a breach of such ordinance shall be remedial only at the instance of the municipal government, or by enforcement of the penalty prescribed therein, and that there shall be no right of action to an individual citizen especially injured in consequence of such breach.' * * *

"The testimony is ample to the effect that the pavement of the sidewalk was made uneven by the spreading of the roots of the tree underneath, and that the paving blocks were kicked out of position by some of the public using the sidewalk. It is therefore the defective condition of the sidewalk, partly caused by the roots of the tree and the use made of the sidewalk by the public in general, which is made the basis of the defendant's liability. As has already been pointed out, there was no legal duty resting upon the defendant to keep the sidewalk in repair. It would seem, therefore, that the causes which operated to put the sidewalk in a defective condition are inconsequential, unless it is established that the defendant by some act of her own contributed to such defective condition. There is no proof in the case showing when the pavement was laid, or that the defendant caused it to be put down, or that at the time the paving was done there were any indications of any roots of a tree in the ground likely to disturb the pavement. * * *

"In the present case, the growing and spreading of the roots, which caused the sidewalk to become uneven, were nature's work, and over which the defendant had no control, and concerning which she owed no duty."

See, also, Brown v. Milwaukee Terminal L. Co., 199 Wis. 575, 224 N.W. 748, and 227 N.W. 385.

We do not think that the tree in question can be said to be a nuisance, though it may have caused one to exist casting a duty on the city, not the property owner.

Not now considering the power of the city in this respect, we do not think the ordinance of the city in substance or effect served to transfer to the abutting property owner its duty to the public in respect to the maintenance of the sidewalk relating to a condition for which such owner was not otherwise responsible. See, 41 A.L.R. 217; 24 A.L.R. 388; Griswold v. Camp, 149 Wis. 399, 135 N.W. 754; Hanley v. Fireproof Bldg. Co., 107 Neb. 544, 186 N.W. 534, 24 A.L.R. 382.

The tree was not planted by the present owner of the property, but probably by the promoters of the addition as a part of their beautification program in a portion of the dedicated street set apart for a parkway between the curb and property line. That status is not one primarily created by the present owner of the lot. It is not so circumstanced as to impress its owner that thereby a duty is imposed on him to see that the roots of the tree will not create a defect in the sidewalk dangerous to the public.

There was no dispute in the evidence as to the status of Mrs. Reilly in respect to the question. It shows that the defect did not exist or continue on account of any breach of duty by her to the public using that sidewalk. It therefore shows that in giving the affirmative charge for her the court correctly held that there was no initial negligence on her part to which the existence of the alleged defect was chargeable. It does not therefore serve to exonerate the city on the principles which we have discussed.

The refused charge, which is the basis of assignment number 15, is argumentative, and its refusal was not reversible error. The other assignments discussed by appellant have been considered, and in none of them do we find reversible error, but a discussion is not thought to be important.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.