8 So.2d 827

**BIRMINGHAM WATER WORKS CO. et al.**
**v. WALKER.**

6 Div. 926.

Supreme Court of Alabama.

May 28, 1942.

Rehearing Denied June 30, 1942.

London & Yancey, Geo W. Yancey, and Fred G. Koenig, Sr., all of Birmingham, for appellant Birmingham Water Works Co.

Wm. L. Clark, of Birmingham, for appellant City of Birmingham.

Clifford Emond, of Birmingham, for appellee.

FOSTER, Justice.

This is a suit by appellee against the Birmingham Water Works Company and the City of Birmingham for damages for personal injuries resulting from stepping in a hole in the grass plot of a street in the city extending between the curb of a paved street and the paved portion of the sidewalk.

Objection was made by demurrer of the water works company, and renewed here, that the only count which was submitted to the jury, (A), did not show the breach of a duty owing by it. The pertinent feature of it in that connection, and it is the charge against both defendants, is that "the defendants negligently failed to maintain the portion of said public highway or street occupied by said water meter box, or immediately adjacent thereto, in a reasonably safe condition for travel of pedestrians on said public highway or street." It alleged that "she stepped or fell into a hole or excavation, occupied or filled in part by a water meter box of defendant Birmingham

Water Works Company, a corporation; but open and unfilled on one side and immediately adjacent to said water meter box * * * approximately two and one-half feet deep and a foot and one-half wide, which said hole or excavation remained in said public highway for an unreasonable length of time, to-wit, two months."

■ The facts developed on the trial show the significance of not alleging that there was a meter in the box, and that it was being used to service the supply of water to a customer. Taking the count most strongly against plaintiff on demurrer, we will presume, for the evidence shows, that this was an empty meter box, and had not been used as such for several years. The hole was immediately adjacent to the meter box, exposing some of its side, and was unmistakably dangerous and obvious to one inspecting the meter box.

■ Is count A sufficient without alleging a failure to act after discovering the dangerous condition, and does it show a duty as to adjacent territory? Taken as it is set up, with the presumptions unfavorable to plaintiff, the breach of duty sought to be charged is negligently failing to maintain that portion of the street immediately adjacent to an unused meter box. It does not allege any extraneous facts, such as the populous nature of the section, nor the amount of pedestrian traffic, nor other circumstances, shown by the evidence having a bearing, but the failure is alleged to have been negligent. If there is a duty on the part of the water works company thus to maintain the adjoining strip of land, the charge that it negligently failed to do so implies notice to it for a sufficient time in which to remedy the defect, or negligence in not discovering the defect. Lord v. City of Mobile, 113 Ala. 360, 21 So. 366; City of Birmingham v. Wood, 240 Ala. 138(7), 197 So. 885.

The allegation is that the hole in which she stepped was in part occupied by the water meter box of the water works company, and therefore that which was immediately adjacent to the portion occupied by the box was a part of the same hole. It is not an allegation that the water works company neglected to maintain a portion of the street not under its supervision, but that there was a hole in which its meter box was located, and that it neglected to maintain that part of the hole immediately surrounding the box or adjacent to it.

■ We also observe that the complaint does not show that the meter had not been taken out, and service disconnected for some six years prior to the accident. So that we will presume on demurrer that such was the fact. Since the evidence was to that effect, it cannot be a violent presumption. Although we indulge that presumption, we think that it was the legal duty of the water works company to fill the hole in a reasonable time upon finding after an inspection of the box that it was there: also that it was their legal duty upon leaving their property and facilities unused and so situated as this was, to exercise due care to make inspections of it at reasonably frequent intervals. A failure to exercise proper diligence in either aspect would be a negligent breach of duty.

It is unlike the case of City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276, in that the power company did not leave any of its property or facilities at the point in question which would need an inspection or supervision. It at most merely filled up a post hole, and fifteen months later a depression existed there in which plaintiff fell. The only question was whether defendant had been negligent in filling up the hole, and whether by virtue of such negligence the depression came into being. All of this was thought to be too speculative.

But here the water works company left this unused meter box at a place where pedestrians have a right to walk in the exercise of due care; and must use proper diligence to see that it does not become a dangerous pitfall such as here occurred.

■ The complaint, count A, sufficiently charges such negligence, indulging all reasonable presumptions against plaintiff, and was not subject to the demurrer relied on.

■ Appellant contends that it was due the affirmative charge. There was a tendency of the evidence to the effect that a hole about as described in the complaint had been beside the unused meter box for a year, gradually getting deeper until it was about two and one-half feet; that the side of the meter box was exposed in part down in the hole; that the top of the box was covered with an iron lid, which was in turn covered in whole or in part with dirt and grass sod, and "had sunk down." It was near the corner of the intersection of 21st Place and 22d Street, North Birmingham, on the west side of the street. In that corner was an apartment house and next a business house built to the property line

on the east. Extending from it toward the street was a two foot space to the paved sidewalk, then the paved sidewalk and then a six foot grass plot to the curb. The meter box had served a business house adjoining the apartment house, but service had been disconnected and the meter taken out of the box in 1934. Regular inspections of it had been made each year, and the last one was on March 13, 1940, and the accident occurred on March 31, 1940. The inspection showed no defect: the inspector testified. But there was much evidence that it was there and had existed for many months. Plaintiff lived across the street and was going for a walk along the sidewalk with her dog under leash, and she followed him as he pulled her on to this grass portion of the street at night. She said she knew nothing of this hole. There was evidence that another lady had fallen in it about a week before, but no report was made to any one in authority as to it. We have no question of contributory negligence presented on this appeal.

Defendant proved that the space extending between those houses and the street was a filled in location of about twenty years standing. It was much lower at 21st Place. That several years before immediately in front of the store opposite the meter box there had been a sink extending to the paved sidewalk, but not across it. No other sinks or holes are shown to have occurred about there.

█ The jury was authorized to find from the evidence that the inspector of the water works company in making his inspection March 13, 1940, either discovered the hole and did nothing about it, or was negligent in not discovering it.

In either event, it would be negligence, justifying a verdict for plaintiff, upon a further finding that this hole was a part of that in which the meter box sat as placed by the water works company, and so alleged in count A. So that there was in that event the same duty to maintain the hole immediately around the box as the space occupied by it. We will not now undertake to prescribe a duty as to a state of facts not alleged in count A.

There was a verdict and judgment against both the water works company and the city. The water works company appealed, and gave notice to the city to join in the appeal if it saw fit to do so. The city has appeared in response to that notice and assigned errors. The insistence of the city is the refusal of the affirmative charge, refusal of a motion for a new trial and of charge Z.

█ There was evidence that this hole had existed as long as a year, in a well-settled section of the city, near dwellings and business houses and where children were accustomed to play, and at a place where people have a right to be, exercising due care. The evidence tends to show that an inspection would disclose its presence and dangerous character. The city was due to exercise due care to look for dangerous places situated where people walk with much frequency. Code of 1940, Title 37, section 502; City of Tuscaloosa v. Fair, supra. It was for the jury to determine whether under the circumstances the city was charged with notice of its existence and was negligent in failing to remedy the defective condition.

The law in this connection is well understood. Code of 1940, Title 37, section 502; City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797; City of Tuscaloosa v. Fair, supra; City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885; City of Birmingham v. Monette, 241 Ala. 109, 1 So.2d 1, 133 A.L.R. 1020.

█ We think the circumstances made a jury case against both defendants, and find no reason to reverse the trial judge for overruling the motion of each defendant for a new trial. The amount awarded was not so excessive as to require any change in it.

█ Requested charge Z for the city invades the province of the jury, and was refused without error.

We have considered all the contentions made by both appellants, but do not think it is necessary to discuss those which we have not mentioned. It is sufficient to say, we think, that no error to reverse is manifest in any of them.

Affirmed as to both appellants.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.