**The CITY OF FORT WORTH, Texas, Appellant,**

v.

**Robert L. HILL et ux., Appellees.**

**No. 15843.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1957.

Rehearing Denied Nov. 15, 1957.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, Earl C. Morgan, and John Gano, Fort Worth, for appellant.

Mackin & King and Hugh F. King, Fort Worth, for appellees.

MASSEY, Chief Justice.

From a judgment for the plaintiffs in a suit for damages by Robert L. Hill et ux. against the City of Fort Worth growing out of personal injuries sustained by Mrs. Hill as the result in stepping into an insufficiently covered water meter box in front of a private residence, the defendant City appeals.

Judgment affirmed.

Appeal in the present instance was from the order of the trial court overruling the City's motion for instructed verdict and motion for judgment notwithstanding the verdict. In other words, the appeal was taken without abiding by the ordinary prerequisite therefor furnished by a motion for new trial, and instead the City appealed directly from the order as is allowed by Texas Rules of Civil Procedure, rule 324.

■■ We find no precedent in any case, but we are of the opinion, and so hold, that in view of the nature of the appeal taken our jurisdiction in the premises must be confined to the propriety of the action taken by the trial court upon the motion for judgment notwithstanding the verdict. Under such a holding we would be obliged to disregard any points relative to errors of law committed during the course of the trial, including errors of the trial court in refusing to submit specially requested issues of the defendant City, and errors claimed as to the issues submitted. It seems that we are confined to the evidence and to the pleadings supporting the same in a test of whether the City was entitled to an instructed verdict in its behalf or to a judgment notwithstanding the verdict based thereupon. To consider error otherwise assigned would be to review actions of the court below which it should properly have the first opportunity at correcting before any possible disturbance by an appellate court other than, of course, for fundamental errors. Under T.R.C.P. 324 and 325, such errors as could have been obviated by the granting of a motion for new trial by the trial court other than in instances prescribed by T.R.C.P. 324 are not preserved upon appeal where taken without such a motion.

Since the City rested simultaneously with the plaintiffs at the conclusion of plaintiffs' case, the question posed is as to whether plaintiffs made out a prima facie case entitling them to go to the jury. This they have done if the defect culminating in Mrs. Hill's injuries was shown to have arisen through the City's negligence.

The evidence showed that Mrs. Hill's accident occurred at approximately 9:30 o'clock in the evening. The automobile from which she alighted was parked at the curb in front of a friend's home and she stepped therefrom safely upon the grass between the curb and the sidewalk (or where the sidewalk would have been). Then she turned to close the door of the automobile and stepped upon the water meter cover. The cover was circular. Her weight upon the foot on the cover caused the cover to tilt, resulting in her foot and leg going down into the water meter proper. It was her right foot which went into the hole of the water meter box, and she fell forward. She sustained injuries to her right leg and other injuries, damages for the allowance of which are not attacked as being without support of pleadings or evidence.

The evidence further showed that a man was observed between 2 o'clock and 2:15 o'clock in the afternoon of the same day "doing something with the meter box." This was the same box into which Mrs. Hill fell that evening. It was not shown just how the man arrived, but a pickup truck bearing a sign or label "City of Fort Worth" was parked near the meter box. After the completion of whatever was being done by the man, he was seen to get into this truck and drive away. No other person was in the truck. Subsequent to the occasion no other persons, adults or children, were observed by any one in the vicinity of the meter box. Evidence disclosed that there was opportunity, however, for other persons to have been in such vicinity without having been observed.

It was stipulated by the parties that the defendant City did, on the date in question, supply the premises of a city resident through the meter box into which Mrs. Hill stepped.

We believe that the plaintiffs in the case made out a prima facie case. Under somewhat analogous circumstances the fact that a vehicle bears the label or sign of a company or firm at the time it is involved in a collision has been held to constitute prima facie evidence entitling the trier of fact to make a finding that such vehicle was being driven at the time by an agent, servant or employee of the concern and that said agent, servant or employee was acting within the scope and course of his employment. See the many authorities collected on the subject in the case of Walker v. Johnston, Tex.Civ.App. San Antonio 1951, 236 S.W. 2d 534, writ dismissed. Of course, the vehicle in question (which bore the sign or label of the defendant City) was not involved in any collision. But the fact that the same was driven to a point proximate to the meter box (an inferable fact), where the driver alighted and manipulated the meter box (and of course its cover), and then re-entered the truck and drove away in it, should constitute prima facie proof that the man in question was an agent, servant and employee of the defendant City. Since the City was admittedly in the business of supplying water to the residents of the neighborhood, including the premises served through the meter box, we believe the further element was prima facie made out, i. e., that such man was acting within the scope and course of his employment by the defendant City, and in the furtherance of its interests,—and that the jury, as the trier of the facts, was entitled to so find.

The City having been directly connected with the meter box and its cover, the question remains as to whether the plaintiffs made out a prima facie case upon the matter of the City's negligence in relation to the cover, and upon the matter of proximate cause. Of course, if the negligence in such

respect was prima facie established the matter of proximate cause will give little cause for concern, for most certainly it would have become a matter for the jury.

Upon the matter of negligence, we observe that there was no evidence in the case even tending to show that the condition of the meter box and its cover as of the time of Mrs. Hill's accident was brought about by an act of a third person, or that there reasonably might have been an alteration in the condition thereof between the time the City's agent, servant and employee ceased in "doing something" to it around 2:15 o'clock in the afternoon and time of the accident. It is therefore proper to treat the matter of the meter box and its cover as having been left in the condition it was as of the moment the City's agent, servant and employee ceased in the "doing something" thereto earlier in the day. Under conditions of this particular case, the trial court was entitled to make this presumption to such time even though it was retrospective. Ross v. Green, 1940, 135 Tex. 103, 139 S.W.2d 565, syllabus 1; McCormick and Ray, Texas Law of Evidence, 2nd Ed., sec. 81, "Continuity of Existing State of Things—In General." The City's agent, servant and employee necessarily either discovered the defective condition pursuant to the sealing of the meter box by the "seating" of its cover, or was negligent in not discovering it,—or, if the cover would "seat" properly he was negligent in not so "seating" it prior to leaving it. The only evidence in the record is with reference to the cover not having been properly "seated", there being no evidence that it would not do so. Evidence to the former is obviously by way of conclusion as the result of its having tilted so as to allow Mrs. Hill's foot to go down into the meter box. The pleadings allege that the meter box was left uncovered, and that the defendant City was negligent in leaving the meter box without sufficient cover to prevent persons passing over it from falling into it. That such was a proximate cause of injuries affirmatively appears in the pleadings.

The student is referred to 59 A.L.R. 387, and 19 A.L.R.2d 1053, annotation Liability for injury on park strip between sidewalk and curb, and to 142 A.L.R. 243, annotation Liability of municipality or waterworks company for injury due to condition of service line, meters, etc., which supply individual consumer with water. Cases of particular aid in the present instance include City of Wichita Falls v. Lipscomb, Tex.Civ.App. Fort Worth 1932, 50 S.W.2d 867, error refused; Edgeworth v. City of Pelly, Tex.Civ.App. Galveston 1943, 173 S. W.2d 254; Birmingham Water Works Co. v. Walker, 1942, 243 Ala. 149, 8 So.2d 827; Fay v. Trenton, E. & A.1941, 126 N.J.L. 52, 18 A.2d 66; Butler v. City of McMinnville, 1928, 126 Or. 56, 268 P. 760, 59 A.L.R. 381.

Judgment affirmed.